462 So.2d 756 (1984)
Michael Patrick O'CONNOR III
v.
CITY OF MONTGOMERY.
3 Div. 967.
Court of Criminal Appeals of Alabama.
October 9, 1984.
Rehearing Denied November 13, 1984.
Certiorari Denied February 8, 1985.
John T. Kirk, Montgomery, for appellant.
J. Bernard Brannan, Jr., Montgomery, for appellee.
Alabama Supreme Court 84-230.
TAYLOR, Judge.
Appellant Michael Patrick O'Connor III, having waived a jury trial and having been convicted by the court of driving while under the influence of alcohol and fined $250 plus costs, prosecutes this appeal.
Appellant first contends that he had the right under the Fifth Amendment to refuse to take the compulsory chemical intoxication test. The Fifth Amendment protects an accused person from being compelled to give evidence against himself or otherwise to provide the state with evidence of a testimonial or communicative nature. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). *757 Other cases have established that an accused person may be required to submit to compulsory fingerprinting, photographing, or gesturing. We find that there is no substantial difference between these things and submitting to a chemical intoxication test. We hold that there is no right to be given a Miranda warning explaining the right to remain silent or to advice from counsel concerning whether or not to submit to a chemical intoxication test. The Alabama Chemical Test for Intoxication Act requires neither. Code of Alabama 1975, § 32-5A-194. None of the underlying reasons for the rule in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), exists in the case of taking chemical intoxication tests. There exists no possibility of changing the evidence by giving the defendant the "third degree," holding him incommunicado until he talks, beating him until he talks, or otherwise coercing him. This sort of conduct spawned the rule in Miranda v. Arizona. Nor is there any possibility of a false confession. Neither the precedents nor the logic of the matter justifies the position urged by the appellant.

II
Appellant next contends that he has a right under the Sixth Amendment to the presence or advice of counsel before being subjected to a chemical intoxication test. Appellant points out that the implied consent statute, § 32-5A-194(c), Code of Alabama 1975, does permit the driver to refuse the chemical sobriety test, although refusal results in an automatic suspension of his driver's license for ninety days. Appellant contends that the driver should have access to legal counsel for help in making the decision whether to refuse the test. In Hill v. State, 366 So.2d 296 (Ala.Crim.App. 1978), cert. denied, 366 So.2d 318 (Ala. 1979), this issue was raised and decided. The court in the Hill case pointed out that evidence acquired by the use of a chemical test for intoxication is considered real or physical evidence and is beyond the scope of Fifth and Fourteenth Amendment rights. This being true, there is no constitutional right to consultation with an attorney or for the assistance of an attorney in determining whether to submit to the intoxication test. No error was committed in this respect.
Neither is the police officer required under the Act to inform the driver of any constitutional rights which the driver has. The officer is not required to notify the accused that he may have an independent blood-alcohol test performed. Parker v. State, 397 So.2d 199 (Ala.Crim.App.), cert. denied, 397 So.2d 203 (Ala.1981).
No error having been committed in this case, the judgment is hereby affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., who concurs specially with opinion.
BOWEN, Presiding Judge, concurring specially.
The majority of jurisdictions have held that when a defendant is requested by police to submit to a chemical test for intoxication he has no right to counsel at that time and no right to condition his consent upon the ability to consult with counsel. R. Erwin, 3 Defense of Drunk Driving Cases § 33.06(2) (3rd ed. 1982). Since the privilege against self-incrimination does not extend to the withdrawal of a blood or other sample and the use of its analysis in evidence, Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), a defendant has no need of the protection or assistance of counsel. See Drunk Driving, supra. See also South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 923, 74 L.Ed.2d 748 (1983), holding that "a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination."
Generally, Miranda does not apply to the ordinary traffic stop situation. Berkemer v. McCarty, ___ U.S. ___, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). "In the context of an arrest for driving while intoxicated, *758 a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of Miranda." Neville, 103 S.Ct. at 923, n. 15.