Johnny Conroy Pearson was convicted of misdemeanor possession of marijuana, fined $50, and sentenced to nine months in the county jail. On this appeal from that conviction, he argues that there was no probable cause to search his car.
The State's evidence shows that, on the night of October 21, 1986, agents Joe Reed and James Bingham of the West Alabama Narcotics Squad, were on patrol in an unmarked car in the area of Lee's Tomb, a bar in Tuscaloosa. Agent Reed knew that it was "common for people to sneak drinks out of the bars."
The defendant and a companion were observed sitting in a Camaro parked on a street near the bar. This street was used by patrons of the bar. Agent Reed testified that, as the agents drove past the Camaro, the two occupants "appeared to be nervous at our presence or nervous of the fact that we were circling through the parking lot." Based on his past experience and knowledge of the particular area, Agent Reed suspected they were drinking. *Page 956 
Agent Bingham testified that when he and Agent Reed drove by the Camaro "they all had to kind of turn their heads to see us" and that "all the head movement . . . brought [his] attention to them."
Agent Bingham was the first to reach the Camaro. He went to the passenger's side and "[t]hey rolled [the window] down for [him]." He then stated, "I'm a police officer, is everything all right out here. . . . I asked them had they been drinking or was they fixing to drive off, and wanted to know, . . . if they had too much to drink."
While Agent Bingham was talking to the occupants of the Camaro, Agent Reed walked to the driver's side and shined his flashlight inside the Camaro. He observed the defendant, who was sitting in the driver's seat, attempting to conceal a 35 millimeter film canister under the seat. The canister would not fit under the seat and the defendant put it on the floorboard. Agent Reed also observed a pack of rolling papers on the floorboard at the defendant's feet and "two or three loose papers . . . that had been pulled out of the pack lying on the floorboard."
Based upon his personal experience as a narcotics agent, Agent Reed knew that film canisters were commonly used to store marijuana and "assorted pills or capsules," and that rolling papers were commonly used in the smoking of marijuana.
Agent Reed opened the driver's door and seized the canister which did, in fact, contain marijuana. Based on these facts, we find that the seizure of the marijuana was proper. Holmes v.State, 485 So.2d 381, 383-84 (Ala.Cr.App. 1985); Gamble v.State, 480 So.2d 38, 40 (Ala.Cr.App. 1985); Smith v. State,472 So.2d 677, 683 (Ala.Cr.App. 1984).
Because the conduct of the agents in approaching the Camaro and talking to its occupants did not constitute a "stop" or a "seizure," they did not have to have probable cause to do so.Ex parte Betterton, 527 So.2d 747, 750 (Ala. 1988); State v.Wilson, 529 So.2d 1061, 1063 (Ala.Cr.App. 1988). Agent Reed's use of his flashlight from his lawful vantage point did not constitute a search. Vincent v. State, 284 Ala. 242, 247,224 So.2d 601 (1969); Butler v. State, 380 So.2d 381, 383
(Ala.Cr.App. 1980). Cf. Kinard v. State, 335 So.2d 924, 926
(Ala. 1976) (no prior justification for "initial intrusion"). The officer's action in looking through the car window and observing what was in plain view was not a search. Packer v.State, 55 Ala. App. 30, 32, 312 So.2d 601 (1975).
Agent Reed's seizure of the canister containing the marijuana was based on probable cause and exigent circumstances. The facts constituting that probable cause are the suspicious conduct of the passengers of the Camaro, the location of the Camaro in an area where it was not uncommon for patrons of a bar to sit in their cars and drink, the defendant's suspicious conduct in attempting to conceal the film container, the presence of the rolling papers, and the agent's personal knowledge that both film containers and rolling papers were commonly associated with the possession and use of controlled substances. "The Supreme Court has made it clear that the expertise and experience of the officer are to be taken into account in applying the Fourth Amendment probable cause test." W. LaFave, 1 Search and Seizure § 32(c) at 571 (2nd ed. 1987). See State v. Calhoun, 502 So.2d 808, 815 (Ala. 1986). Here, Agent Reed fully explained the nature of his expertise and experience and how it related to the facts which prompted him to seize the film container. "[T]he officer is entitled to assess the facts in light of his experience." United States v.Brignoni-Ponce, 422 U.S. 873, 885, 95 S.Ct. 2574, 2582,45 L.Ed.2d 607 (1975); United States v. Ortiz, 422 U.S. 891, 897,95 S.Ct. 2585, 2589, 45 L.Ed.2d 623 (1975); Terry v. Ohio,392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). See also Smith, 472 So.2d at 682.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1190