L. CHARLES WRIGHT, Retired Appellate Judge.
Arthur Wayne Goodwin was arrested for driving under the influence of alcohol in December 1989. At the time of the arrest he refused to take a breath test. Robert Gordon of the Town Creek, Alabama, Police Department sent an implied consent refusal form to the Director of Public Safety according to § 32-5-192(c), Code 1975. As a result of the receipt of the form, the Director notified Goodwin that his driver’s license would be suspended for a period of 90 days.
Goodwin filed a notice of appeal with the Circuit Court of Lawrence County, appealing the suspension by the Director. He requested that the court stay the Director’s suspension pending a trial on the merits of the charge of DUI. The request for a stay was granted. A trial to a jury on the DUI offense was subsequently held, and Goodwin was found not guilty. Based on the not guilty verdict, Goodwin filed a motion for summary judgment in the appeal of the suspension. His motion was granted. The Director appeals. No brief was filed in this court on behalf of Goodwin.
Initially, we note that we assume proper appellate procedure was utilized by Goodwin in perfecting this appeal to the Circuit Court of Lawrence County. This assumption is based on the insufficient record before us and the failure of the Director to object to any jurisdictional matter.
Section 32-5-192(a) and (c), Code 1975, provides, in pertinent part, the following:
“(a) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor_”
[[Image here]]
“(c) If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency ... none shall be given, but the director of public safety, upon receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer, shall, on the first refusal, suspend his license or permit to drive.... ” (Emphasis added.)
Under the express terms of the statute, any motorist on the public highways gives his implied consent to a breath test “only if he is lawfully arrested.” Ex parte Love, 513 So.2d 24 (Ala.1987).
In disposing of the suspension issue by way of summary judgment, the trial court found the following:
“The Court further finds that by reason of the trial of the Plaintiff, verdict and Judgment of the Court finding him not guilty of driving under the influence and the authority of Ex parte Love, 513 So.2d 24, the Defendant as regards the implied consent relative to the suspension of his driver’s license was unlawfully arrested and cannot be said to have given his implied consent to a chemical test and thus cannot be found to have refused the test in question. The Court therefore finds that there is no genuine issue as to any material fact and that the Plaintiff is entitled to a Judgment in his favor as a matter of law.”
The Director asserts that the court erred in finding that the judgment of acquittal rendered on the criminal charge was deter *406 minative of the “lawful arrest” issue necessary to the suspension of the driver’s license. He contends that the not guilty verdict in the criminal trial did not automatically render the arrest unlawful under the implied consent statute. He suggests that summary judgment was improper because there was no evidence presented as to events surrounding the arrest which would be determinative of whether it was lawful or unlawful.
The court’s order is based on an erroneous interpretation of Ex parte Love. That case does not stand for the proposition that an “acquittal” is synonymous with an “unlawful arrest.” Ex parte Love simply addresses the issue of whether the results of a blood sample can be admitted into evidence in a criminal trial when the blood sample had been obtained prior to the driver being placed under lawful arrest. The trial court’s interpretation unreasonably expands the proposition articulated by the supreme court.
In this case, the criminal trial was tried to a jury. The order from that trial simply reflected that the jury found Goodwin “not guilty.” There was no finding of an “unlawful arrest.” There is no evidence in the record before us concerning the facts surrounding the arrest. There may be a lawful arrest even though there is a finding of “not guilty” of the offense charged. S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977).
Summary judgment is proper only when the trial court determines that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Melton v. Perry County Bd. of Educ., 562 So.2d 1341 (Ala.Civ.App.1990). The purpose of the motion is to test the sufficiency of the evidence and to determine whether there exists any rational issue to be tried. Melton. Because the record is devoid of any facts concerning the circumstances of the arrest, we find the disposal of this matter by way of summary judgment to be improper. The trial court’s grant of the motion is reversed. On remand the trial court should conduct an evidentiary hearing upon the issues of whether the law enforcement officer had reasonable grounds to believe that Goodwin was driving a motor vehicle upon the public highways of this state while under the influence of alcohol, whether Goodwin was placed under arrest, and whether he refused to submit to a breath test upon the request of the officer. § 32-5-192(d), Code 1975.
This case is reversed and remanded.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.