In the early morning hours of September 20, 1990, Officer Dale Richard observed Daniel Parks exiting a restaurant's parking lot in an automobile. After exiting the lot Parks began to travel at a high rate of speed. The officer followed and observed Parks make a sudden lane change. The *Page 1067 
officer testified at trial that Parks was unable to maintain a single lane of traffic. He stopped Parks on the suspicion of driving under the influence. He noticed that Parks was unstable and that he had a strong odor of alcohol about him. The officer asked Parks to perform four field sobriety tests. He failed all of them. He then asked Parks to blow into a breath machine alco-sensor. After two unsuccessful attempts, Parks successfully completed the test. The test reflected a blood alcohol level of .22%. Officer Richard arrested Parks and transported him to the police department.
At the department a Sergeant Jones directed Parks to take an intoxilyzer test. Jones testified that he advised Parks that his license would be suspended for 90 days if he refused to take the test. He stated that Parks indicated he understood the possible consequences but that he preferred to discuss the matter with his attorney. Jones testified he explained to Parks that he was not entitled to consult with an attorney prior to taking the test. He read the implied consent form to Parks. Parks stated he still would like to discuss the matter with his attorney. He did not take the test. Subsequently, Jones filled out a "refusal form" indicating that Parks refused to submit to the test.
The Driving-Under-the-Influence (DUI) charge was subsequently heard by a city judge. The judge found Parks "not guilty" of being under the influence.
In November 1990 Parks requested an administrative hearing with the Department of Public Safety to determine the license suspension matter. Following the hearing, the Department suspended Parks's license for a period of 90 days.
Parks appealed that decision to the Circuit Court of Tallapoosa County. Following oral proceedings, the trial court affirmed the Department's suspension. Parks appeals.
Initially, Parks asserts that the trial court erred in suspending his license because he "did not knowingly, intelligently refuse to take the test." He asserts that he did not refuse to take the test but that he simply wished to talk to his attorney before taking the test.
Alabama's implied consent law provides that licensed drivers are deemed to have consented to undergo approved blood alcohol tests. A driver may refuse, but doing so will result in a suspension of the driving privilege. § 32-5-192, Code 1975. Although the statute does not address the right to counsel, it is established by case law that there is no right to counsel prior to taking a chemical test. O'Connor v. City ofMontgomery, 462 So.2d 756 (Ala.Crim.App. 1984); Hill v.State, 366 So.2d 296 (Ala.Crim.App. 1978).
The trial court found that Parks knowingly refused to take the chemical test after being directed to do so and after being apprised of the consequences of refusal. It further determined that Parks did not have a right to counsel prior to taking the chemical test. Our review of the facts and the law of this state support this finding by the trial court.
Under § 32-5-192(a), Code 1975, a motorist on the public highways gives his implied consent to a chemical test "only if he is lawfully arrested." Parks contends his acquittal in the criminal trial indicated there was no probable cause to make the arrest; therefore, he says, he was not "lawfully arrested" as required by statute.
The trial court found there was a lawful arrest and that "the conviction or acquittal is irrelevant and immaterial to the issue before the Court and also irrelevant as to whether or not there was probable cause."
In Director of Public Safety v. Goodwin, 587 So.2d 404
(Ala.Civ.App. 1991), we determined that an acquittal in a DUI case was not synonymous with an unlawful arrest. We held there could be a lawful arrest even though there is a finding of "not guilty" of the offense charged.
The facts of this case indicate there was more than probable cause to arrest Parks for the offense of DUI and that the actions of Parks more than established the "reasonable *Page 1068 
grounds" requirement of § 32-5-192(a) and (c).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.