This is an appeal from the trial court's granting of Emmett Daniel Mathews's motion to suppress evidence seized from his person by law enforcement officials. At the suppression hearing, the following facts were presented: On June 18, 1989, Investigator Denny Merritt of the Covington County Sheriff's Department met with a confidential and reliable informant, who reported that he had in the previous 48 hours seen marijuana in the residence of Terry Turner. Additionally, Merritt had previously conducted a surveillance of Turner's residence and had "observed a substantial amount of traffic by known drug dealers and drug users coming and going from this residence, together with the meeting of these people on several different occasions." Furthermore, Merritt had obtained information during the prior several months that indicated that Turner was selling marijuana and other controlled substances. It was upon these facts that Merritt obtained a search warrant for Turner's residence on June 18.
The search warrant was executed on the day it was obtained. When Merritt and other law enforcement officials entered Turner's residence, the smell and aroma of burnt or smoked marijuana, as well as smoke from burnt marijuana, filled the inside of the trailer. Four individuals were seated in the living room: one was seated in a recliner chair close to the door, two were on a couch, and Mathews was seated in a chair next to the couch, but farther from the door. Merritt knew, through his informant, that earlier that day Mathews was at the Turner residence and that "he was involved in smoking marijuana." He also knew that Mathews was reportedly involved with illegal drug activities on three or four different occasions in the past six months to a year, and that Mathews was reportedly associating with known drug dealers.
After the officers made the above initial observations, the four individuals were "secured" and searched. A pat-down search of Mathews uncovered a marijuana cigarette inside a cigarette pack and a small plastic bag containing marijuana. After searching the three other individuals, the officer's conducted a search of the trailer, which revealed the presence of marijuana and smoking devices, all of which were seized. In close proximity to Mathews were a tray of marijuana residue and a smoking device, which held a burnt marijuana cigarette. However, the tray and smoking device, situated under the front corner and back of the couch, were not visible to the officers until they began their search of the trailer.
 "[I]t is not constitutionally permissible 'to search a person, not connected in any way with the place being searched, who merely happens to be upon the premises and who is not mentioned or described in *Page 237 
the affidavit of probable cause upon which the warrant was issued.' . . . '[T]he law requires that there be probable cause to believe that such persons are themselves participating in criminal activity' [, Smith v. State, 292 Ala. 120, 121, 289 So.2d 816, 817 (1974),] or, somewhat more precisely, that there be probable cause that evidence which might be concealed or destroyed is to be found upon the person searched."
W. LaFave, 2 Search and Seizure § 4.9(c) (2d ed. 1987) (footnotes omitted).
 "It appears to be generally accepted that the smell of marijuana in its raw form or when burning is sufficiently distinctive to come within the rule of . . . Johnson [v. United States, 333 U.S. 10 [68 S.Ct. 367, 92 L.Ed. 436] (1948), that probable cause to believe that an illegal substance is present may be established by smell]. Consequently, the courts have found probable cause to search when the distinctive odor of marijuana is found emanating from a particular place and have likewise found probable cause to arrest when the odor was detected coming from a particular person."
Id. at § 3.6(b) (footnotes omitted). See, e.g., State v.Betterton, 527 So.2d 743 (Ala.Cr.App. 1986), aff'd,527 So.2d 747 (Ala. 1988). "The odor of fresh marijuana or marijuana smoke, standing alone, has . . . been held or recognized as providing probable cause to conduct warrantless searches of . . . persons and their clothing." Donald M. Zupanec, Annotation,Odor of Narcotics as Providing Probable Cause for WarrantlessSearch, 5 A.L.R.4th 681, 686 (1981) (footnotes omitted). See also State v. Compton, 13 Wn. App. 863, 538 P.2d 861, 861-62
(1975) (wherein the court held that, because the officer was qualified to identify the smell of raw or burning marijuana, his detection of the smell of such contraband provided "him sufficient information to form a reasonable belief that the crime of unlawful possession of a controlled substance was being committed in his presence").
In making a determination as to whether probable cause to arrest exists, "it is simply necessary that there exist a probability that a crime has been committed and that the person to be arrested committed it." W. LaFave, supra, at § 3.7. See also W. LaFave, 1 Search and Seizure, § 3.1(b) (2d ed. 1987).
 "It is basic that an arrest with or without a warrant must stand upon firmer ground than mere suspicion . . ., though the arresting officer need not have in hand evidence which would suffice to convict. The quantum of information which constitutes probable cause — evidence which would 'warrant a man of reasonable caution in the belief' that a felony has been committed, Carroll v. United States, 267 U.S. 132, 162 [45 S.Ct. 280, 288, 69 L.Ed. 543] . . . [(1925)] — must be measured by the facts of the particular case."
Wong Sun v. United States, 371 U.S. 471, 479-80, 83 S.Ct. 407,412-13, 9 L.Ed.2d 441 (1963).
Although "the detection of the odor of marijuana in a certainplace will not inevitably provide probable cause to arrest aperson who is at that place," W. LaFave, supra, at § 3.6(b) (emphasis in original), we consider that Officer Merritt had sufficient facts before him to legally arrest Mathews and to search him pursuant to that arrest — to reasonably believe that there was probable cause that "evidence which might be concealed or destroyed [was] to be found upon [Mathews]." Prior to arresting and searching Mathews, Officer Merritt possessed not only the knowledge of the smell of burnt marijuana, but also the information communicated by his informant on the day of the execution of the search warrant, the additional information that he had obtained from his surveillance of the Turner residence, and his knowledge of Mathews's reputation and past behavior. Under these facts, we hold that Officer Merritt had probable cause to believe that a crime had been or was being committed in his presence by Mathews. The above facts would have alerted a reasonable and prudent man, see Sterlingv. State, 421 So.2d 1375, 1381 (Ala.Cr.App. 1982) (citingBrinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302,93 L.Ed. 1879 (1949)), to believe that Mathews *Page 238 
was participating in the criminal activity, and that he could possibly be concealing the evidence sought by the search warrant. Accordingly, the warrantless search of Mathews and the warrantless seizure of the marijuana cigarette and the bag of marijuana from the person of Mathews were justified as a search incident to a lawful arrest.
This cause is due to be, and it is hereby, reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.