The appellant, Leroy Christmas III, pleaded guilty to possessing a controlled substance, cocaine, in violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to serve five years in prison and was fined $250.00.
The appellant's only contention on appeal is that the cocaine found on his person was obtained as a result of an illegal search and seizure. The appellant preserved this issue for review by specifically obtaining the trial court's permission to appeal the denial of his motion to suppress the evidence.
The state's evidence at the suppression hearing tended to show that at approximately 3:40 p.m. on July 5, 1991, Sergeant Jim Stanley of the Dothan Police Department approached a vehicle parked at the end of Basin Avenue. Stanley described the street as a dead end street with no residences and surrounded by brush and woods. This was an area where people were known to go to use drugs. Two other officers who arrived at the location before Stanley told Stanley that the person behind the wheel of the vehicle leaned over as though he was putting something under the front seat and that he appeared "fidgety." When Stanley arrived, he and the two officers approached the vehicle. Stanley saw a large bulge in one of the appellant's front pockets. At this time Stanley asked the appellant to get out of the car. A frisk of the appellant revealed no weapons and resulted in no seizure of any property on his person. When the appellant got out of the vehicle, Stanley looked into the car and saw a bent beer can with visible residue on it. It was his opinion from his experience that beer cans bent the way this one was bent was used to smoke cocaine. After discovering the can, the officers searched the appellant and found a matchbook containing a white powdery substance.
The appellant argues that the officers had no grounds to "stop" him initially. However, under the facts of this case, there was no initial stop or seizure of the appellant. "The mere approach and questioning of . . . persons [in a parked vehicle] does not constitute a seizure." W. LaFave, 3Search and Seizure § 9.2(h) (2d ed. 1987), and cases cited therein. Thus, the officers needed no probable cause to initially approach the appellant in his parked car.
However, when Stanley asked the appellant to exit his vehicle, "the encounter became a seizure," LaFave, § 9.2(h), which under the facts of the case was justified. " 'This intrusion is de minimis when balanced with concerns for the officer's safety.' " Smith v. State, 623 So.2d 382, 386
(Ala.Cr.App. 1993), quoting Ex parte Carpenter, 592 So.2d 627,631 (Ala. 1991). Sergeant Stanley testified at the suppression hearing that the car was parked on a isolated dead end street that was known to be frequented by drug users. He had been told by the other officers that the appellant had leaned over the seat and that he appeared fidgety. Upon approaching the vehicle, Stanley observed a large bulge in one of the appellant's front pockets.
 "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. Cf. Beck v. Ohio, 379 U.S. 89, *Page 686 
91 [85 S.Ct. 223, 225, 13 L.Ed.2d 142] (1964); Brinegar v. United States, 338 U.S. 160, 174-176
[69 S.Ct. 1302, 1310-1311, 93 L.Ed. 1879] (1949); Stacey v. Emery, 97 U.S. 642, 645 [24 L.Ed. 1035] (1878). And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience. Cf. Brinegar v. United States, supra.
". . . .
 ". . . . The sole justification of the search in the present situation is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer."
Terry v. Ohio, 392 U.S. 1, 27-29, 88 S.Ct. 1868, 1883-84,20 L.Ed.2d 889 (1968). Sergeant Stanley "point[ed] to particular facts from which he [could] reasonably [have] inferred that the individual was armed and dangerous." Sibron v. New York,392 U.S. 40, 64, 88 S.Ct. 1889, 1903, 20 L.Ed.2d 917 (1968). The frisk or "pat down" of the appellant was justified under Terryv. Ohio.
Once the officers asked the appellant to exit the vehicle, the beer can with residue on it was seen in plain view on the floorboard of the driver's side of the car. "The officer's action in looking through the car window and observing what was in plain view was not a search," Pearson v. State,542 So.2d 955, 956 (Ala.Cr.App. 1989), and the seizure of the beer can without a warrant was lawful under the plain view doctrine.Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022,29 L.Ed.2d 564 (1971).
Once the officers saw the beer can with residue on it, probable cause immediately arose to arrest the appellant. Sergeant Stanley testified that it was his experience that the bent up can was used to smoke cocaine.
 " 'The Supreme Court has made it clear that the expertise and experience of the officer are to be taken into account in applying the Fourth Amendment probable cause test.' . . . '[T]he officer is entitled to assess the facts in light of his experience.' "
Pearson, 542 So.2d at 956. (Citations omitted.) As this court stated in Carter v. State, 405 So.2d 957 (Ala.Cr.App.), writ denied, 405 So.2d 962 (Ala. 1981), "probable cause deals with probabilities, not legal technicalities. It is grounded upon those practical factual considerations of everyday life upon which reasonable and prudent men act." 405 So.2d at 959.
The search of the appellant was incident to a lawful arrest. The court did not err in denying the appellant's motion to suppress the cocaine. For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.