Scottie Eugene Ayers, the appellant, was convicted of the unlawful possession of cocaine and was sentenced to six years' imprisonment. This is a direct appeal from that conviction.
 I
The appellant claims that the State failed to establish a proper chain of custody for the cocaine. The appellant claims that although Russellville Police Officer Joe Ganns testified that, "if [he] remember[ed] correctly," (R. 22) he had retrieved the cocaine from the state forensics laboratory, other testimony presented by State witnesses Selwyn Jones, the forensic scientists who tested the cocaine, and Russellville Police Officer William Nale, show that Nale and not Ganns retrieved the evidence from the lab. However, when called to testify in the State's *Page 179 
rebuttal case, Officer Ganns candidly admitted that his testimony on this matter had been "in error." R. 190.
The conflict in the testimony as to which police officer actually retrieved the cocaine from the crime lab was resolved. The prosecution adequately established the chain of custody of the cocaine under the test set forth in Ex parte Holton,590 So.2d 918 (Ala. 1991).
 II
The appellant claims that the trial court presented evidence on behalf of the State by informing the jury that the appellant had pleaded guilty to public intoxication.
The appellant was originally arrested for public intoxication. The cocaine that is the subject of the unlawful possession charge was discovered in the appellant's personal property when he was being processed at the police department pursuant to that arrest. See Part III of this opinion. At the suppression hearing, the case action summary of the public intoxication case was admitted into evidence without objection. R. 7. That document revealed that the appellant pleaded guilty in district court to public intoxication. During direct examination of Officer Ganns in the State's case-in-chief, the following occurred:
 "[Mr. Hargett, the prosecutor]: Your Honor, solely for the limited purpose of proving the lawfulness of the arrest and the probable cause of the officer's arrest for public intoxication, we would offer into evidence a certified copy of the case action summary of that disposition and mark it as and offer as State's Exhibit One for that limited purpose.
 "THE COURT: It's admitted. It will not be exhibited to the jury.
 "MR. HARGETT: May I advise the jury of what the disposition was then?
 "THE COURT: If there's any advising, I'll tell them." R. 100-01.
Defense counsel made no objection to the "limited" introduction of the case action summary.
Subsequently, during the State's case-in-chief and after an unreported hearing outside the presence of the jury, the following occurred:
 "THE COURT: I was [going to] ask you for the record now, do you have any objection to the Court announcing what the results of the outcome of the case was in district court?
 "MR. BEASON [defense counsel]: Yes, sir, we do on the grounds previously argued in the motion to suppress.
 "THE COURT: All right. I will overrule. I'm merely going to advise them that he pled guilty and that [that] offers no proof o[r] presumption or inference he is guilty of the charge. And then I'll quit for the day.
 "MR. HARGETT: Yes, sir, and I'll have another witness tomorrow.
 "THE COURT: Ladies and gentlemen, for the record I would like to advise you that the records of the District Court of Franklin County indicate that on March 3rd, 1992, Scottie Eugene Ayers pled guilty to public intoxication. Now, the fact the defendant pled guilty in district court to public intoxication offers no proof, no prejudice, nor any inference that the defendant is guilty of the offense charged in this case which is that of possession of a controlled substance." R. 116-17.
The appellant's motion to suppress stated the following ground: "Defendant submits that his arrest on the charge of public intoxication was unlawful in that he was not loud and boisterous and was not posing a threat of danger to himself or to others in violation of Alabama Public Intoxication statute. That defendant pled guilty to said charge only due to the relatively minor nature of the charge and without knowledge of any pending charge against him for violation of the Alabama Controlled Substances Act and without assistance of counsel." C.R. 21-22.
Our review of the record, including the transcript of the hearing on the motion to suppress, reveals that defense counsel did not object on any ground to the admission of the case action summary and did not object on the ground now asserted to the trial court's informing the jury that the appellant had pleaded guilty to public intoxication in *Page 180 
district court. Consequently, the issue now presented has not been preserved for appellate review. "The statement of specific grounds of objection waives all grounds not specified and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). "A defendant is bound by the grounds of objection raised at trial and cannot change them on appeal." Leonard v. State,551 So.2d 1143, 1151 (Ala.Cr.App. 1989).
We note that during the prosecutor's cross-examination of the appellant, the appellant asserted that he had not pleaded guilty to public intoxication but that he had "just paid a fine" and had "never seen no judge." R. 173-74. The prosecutor then cross-examined the appellant, reading from the case action summary. R. 173-74. When the prosecutor offered the document to the appellant, defense counsel objected: "I'm [going to] object to badgering the witness and the comments." R. 174. In response, the trial court stated: "I'll admit the item into evidence and it can go to the jury." R. 174. Under these circumstances, any error in the previous instructions of the trial court was rendered harmless.
 III
As stated in Part II of this opinion, the cocaine upon which the appellant's conviction is based was found in the appellant's personal effects when he was being processed at the police station after his arrest for public intoxication. The appellant contends that the prosecution failed to prove that probable cause existed for his arrest for the offense of public intoxication and that, consequently, the trial court erred in denying his motion to suppress the cocaine that was discovered as a result of that arrest.
The offense of public intoxication is defined as "appear[ing] in a public place under the influence of alcohol, narcotics or other drug to the degree that [the person so appearing] endangers himself or another person or property, or by boisterous and offensive conduct annoys another person in his vicinity." Ala. Code 1975, § 13A-11-10(a).[1] The appellant claims that the State failed to show that he was "endangering himself or others" or was "being boisterous or offensive," and, therefore, that there was no probable cause for his arrest. Appellant's brief at 18.
At the hearing on the motion to suppress, defense counsel attempted to question Joe Ganns, the arresting officer, about the appellant's conduct immediately before his arrest. The following then occurred:
 "MR. HARGETT: Judge, I'm [going to] object to that question. I think that issue has been decided, I think that's res judicata based on the —
"THE COURT: Sustain.
 "MR. BEASON: Judge, the purpose of going into this is obviously the attempt to establish that this officer did not have probable cause to arrest this individual for public intoxication. I realize the law is that once someone pleads guilty that waives most of the affects, and I submit that that would be applicable only to that particular arrest and not to a subsequent search based upon what was not a proper arrest.
 "THE COURT: Overrule — I'm sorry, sustain the motion. I sustain the State's motion.
". . . .
 "MR. BEASON: Well, in light of the Court's ruling on the objection of the State, I would like to make an offer of proof as to what the evidence in that regard would have been.
"THE COURT: All right.
 "MR. BEASON: We would have suspected that the evidence would have been that on the occasion of the arrest of Mr. Ayers for public intoxication that he was not under the influence of alcohol to the degree that he endangered himself or another person and he was not boisterous or offensive in his conduct, annoying another person. In short, that he was not publicly intoxicated to an extent that warranted an arrest and any search subsequent to an arrest. *Page 181 
 "THE COURT: All right. I note your showing, and it is still the Court's ruling that the plea in the case determines those issues raised by your objection and your showing also."
R. 34, 45-46 (emphasis added).
As the United States Supreme Court observed in Migra v.Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1,104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984):
 "The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of 'res judicata.' See Restatement (Second) of Judgments, Introductory Note before ch. 3 (1982); 18 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 4402 (1981). Res judicata is often analyzed further to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.' Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. See Restatement, supra, § 27. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar. See id., Introductory Note before § 24.
 "This Court on more than one occasion has used the term 'res judicata' in a narrow sense, so as to exclude issue preclusion or collateral estoppel. . . . When using that formulation, 'res judicata' becomes virtually synonymous with 'claim preclusion.' "
Although the prosecutor used the term "res judicata" in voicing his objection, it appears from the emphasized portions of his and the trial court's comments that both were referring to the concept of issue preclusion or collateral estoppel — i.e., that the issue of the legality of the arrest had beendetermined by the entry of the guilty plea — rather than to the concept of claim preclusion — i.e., that the issue of the legality of the arrest had been waived because it was not raised at the time the guilty plea was entered. However, it actually makes very little difference which concept the prosecutor and trial court were referring to as it is questionable whether either concept may properly be utilized to preclude a defendant who enters a guilty plea without asserting Fourth Amendment claims from raising those claims in a subsequent, related proceeding. See Haring v. Prosise,462 U.S. 306, 312-22, 103 S.Ct. 2368, 2372-77, 76 L.Ed.2d 595 (1983) (holding that guilty plea entered in state court did not, under either the concept of issue preclusion or the concept of claim preclusion, preclude plaintiff in 42 U.S.C. § 1983 action from raising Fourth Amendment claims). See generally Bower v.O'Hara, 759 F.2d 1117, 1125-26 (3d Cir. 1985); United States v.Satterfield, 743 F.2d 827, 838 (11th Cir. 1984) cert. denied,471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985); Othersonv. Department of Justice, 711 F.2d 267, 275 n. 8 (D.C.App. 1983); Mustfov v. Superintendent of Chicago PoliceDept., 733 F. Supp. 283, 290-92 (N.D.Ill. 1990).
In this case, it does not appear that the legality of the appellant's arrest was challenged before or at the time the guilty plea was entered. The only evidence offered by the State regarding the appellant's guilty plea was a copy of the district court case action summary bearing the following stamped entry: "DEFENDANT PLEADS GUILTY AND THE COURT FIXES HIS FINE AT $25.00 costs. This 13 day of March 1992." Amd.R. 51 (filed July 11, 1994, in response to request by this Court). The appellant testified at trial that he had "just paid a fine" and had "never seen no judge." R. 173-74. Compare Mewbourn v.State, 570 So.2d 805 (Ala.Cr.App. 1990) (evidentiary hearing on motions to suppress and denial of those motions preceded entry of guilty pleas).
We need not, however, in this particular case, resolve the question of whether the appellant was precluded from challenging the legality of his arrest. "In reviewing a trial court's ruling on a motion to suppress, this *Page 182 
Court may consider the evidence adduced both at the suppression hearing and at the trial." Wilsher v. State, 611 So.2d 1175,1178 (Ala.Cr.App. 1992). Accord Andrews v. State,624 So.2d 1095, 1099 (Ala.Cr.App. 1993). Although Officer Ganns did not testify at the suppression hearing regarding the appellant's behavior immediately before his arrest, Ganns did testify about that matter at trial. During direct examination of Ganns, the prosecutor established that the appellant had been arrested at a local hospital after he had been treated for a knee injury by emergency room personnel. According to Ganns, when the appellant came out of a treatment room and was informed by emergency room personnel that he would not be admitted to the hospital as a patient, the appellant "got highly upset" and began to act in a "[b]oisterous, belligerent," and "threatening" manner. R. 58-59. Ganns testified that the appellant had "an odor of alcohol about him," that he "appeared to be limping and staggering both . . . [w]hen he came out of the treatment room," and that he "appear[ed] to be intoxicated." R. 59, 94. On cross-examination, Ganns stated:
 "I didn't arrest [the appellant] until be bec[a]me, as I said before, boisterous, belligerent, very upset; then at which point and time the incident began taking place and I was close enough to be able to smell the odor of alcohol about his person."
R. 91. This testimony was at least minimally sufficient to establish that Ganns had probable cause to arrest the appellant for the offense of public intoxication. See Congo v. State,409 So.2d 475, 477 (Ala.Cr.App. 1981), cert. denied 412 So.2d 276
(Ala. 1982). "In making a determination as to whether probable cause to arrest exists, 'it is simply necessary that there exists a probability that a crime has been committed and that the person to be arrested committed it.' [2] W. LaFave, [Searchand Seizure § 3.7 (2d ed. 1987)]." State v. Mathews,597 So.2d 235, 237 (Ala.Cr.App. 1992).
Because the appellant's arrest was based on probable, cause, the cocaine discovered as a result of that arrest was properly admitted. See Manning v. State, 568 So.2d 327, 329
(Ala.Cr.App. 1990); Mathews v. State, 534 So.2d 1129, 1131
(Ala.Cr.App. 1988). While the trial court's stated reason for denying the appellant's motion to suppress the cocaine may have been incorrect, his decision was correct for the reason we have stated above and is due to be upheld. "It is well established that if the ultimate decision of a trial court is correct, that decision will be upheld on appeal, even though the wrong reason may have been given." Harkins Co. v. Lewis, 535 So.2d 104,112-13 (Ala. 1988). See also Guthrie v. State, 616 So.2d 914,921 (Ala.Cr.App. 1993); P.S. v. State, 565 So.2d 1209, 1213
(Ala.Cr.App. 1990).
 IV
The appellant contends that the trial court erred in refusing one of his requested charges. The appellant's requested charge number nine stated:
 "A person commits the crime of unlawful possession of controlled substance if:
 "(1) Except as otherwise authorized, he possesses a controlled substance designated by law; and
"(2) He does so knowingly.
 "To sustain the charge of unlawful possession of controlled substances in this case, the state, by the evidence, must prove beyond a reasonable doubt each of the following elements of the offense:
 "(1) That Scott[ie] Ayers possessed a controlled substance enumerated by law;
 "(2) That Scott[ie] Ayers had. knowledge that the controlled substance was in his possession." C.R. 29.
This requested charge was properly refused because it is inaccurate and incorrect. In order to convict the appellant, the State had to prove that the appellant possessed the particular controlled substance charged in the indictment and not just "a controlled substance enumerated by law."
Furthermore, the trial court instructed the jury on the elements of the charged offense and that "[a]ll that is required to constitute the crime of unlawful possession of a controlled substance is a knowing possession of a controlled substance by the defendant." R. 211. The oral charge of the trial court accurately and substantially covered the principles *Page 183 
that appear to be the subject of the appellant's requested charge number nine. Even where a requested charge contains a correct statement of law, "the refusal of [the] requested written instruction . . . shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge." Rule 21.1, A.R.Crim.P.
 V
The appellant contends that the search was illegal because, he says, he was not given his Miranda[2] warnings before or after his arrest. The appellant argues that he was "never afforded the option to determine whether to submit or refuse to cooperate in the search in that he was never given his Miranda
warnings." Appellant's brief at 22.
This issue was not presented to the trial court and has not been preserved for appellate review. "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987).
Furthermore, and in the alternative, the appellant's argument is without merit. The appellant was arrested at a hospital for public intoxication. He was taken to the city jail. During the inventory search conducted as a part of the "booking process," the appellant was told to empty his pockets. Cocaine was discovered in a cigarette paper that the appellant removed from his pocket in compliance with that request. When asked about the paper, the appellant stated that it was not his and that it belonged to someone else. The trial court granted the appellant's motion to suppress the question and answer because the appellant had not been given his Miranda rights. R. 48.
However, the appellant was not entitled to be warned of his constitutional right prior to the inventory search being conducted. Cf. Parker v. State, 587 So.2d 1072, 1090
(Ala.Cr.App. 1991) ("[t]he Miranda warnings are not required before the taking of a hair sample from a person in lawful custody because the sample is not 'testimonial' or 'communicative' evidence as required by the Supreme Court in order for the Fifth Amendment privilege to apply"); O'Connor v.City of Montgomery, 462 So.2d 756, 757 (Ala.Cr.App. 1984) ("[w]e hold that there is no right to be given a Miranda warning explaining the right to remain silent or to advice from counsel concerning whether or not to submit to a chemical intoxication test").
"Examining all the items removed from the arrestee's person or possession and listing or inventorying them is a reasonable administrative procedure." United States v. Loaiza-Marin,832 F.2d 867, 868 (5th Cir. 1987). See United States v. Edwards,415 U.S. 800, 807, 94 S.Ct. 1234, 1239, 39 L.Ed.2d 771 (1974). The appellant was not entitled to an "option to determine whether to submit or refuse to cooperate in the [inventory] search."
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] The crime of public intoxication is classified as a "violation," Ala. Code 1975, § 13A-11-10(b), with a sentence of imprisonment in the county jail, not to exceed 30 days, §13A-5-7(b), and/or a fine not to exceed $200. § 13A-5-12.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966).