James Donald Johnson appeals from his convictions for possession of marijuana in the first degree and for possession of drug paraphernalia. Johnson apparently pleaded guilty to possession of marijuana, but reserved the right to appeal the trial court's denial of his motion to suppress the contraband discovered in his automobile. He was sentenced to two years in prison and was fined $1000 on his conviction for possession of marijuana in the first degree. It appears that he was sentenced to 12 months' imprisonment on his conviction for possession of marijuana. Johnson was then placed on probation.
 Facts
Jimmy Sanders, an investigator assigned to the narcotics task force in the Tallapoosa County Sheriff's Department, testified that he had received several complaints about drugs being used under the Saugahatchee Creek Bridge. While on patrol on June 30, 1999, he and his partner saw a person in a vehicle parked under the bridge. The officers parked behind the vehicle and approached it on foot. Sanders testified that he smelled the odor of marijuana coming from inside the vehicle. Sanders asked the occupant, Johnson, to get out of the vehicle. At that point Sanders saw, in plain view, what appeared to be a bag of marijuana lying on the floorboard of the vehicle.
 Discussion
Johnson contends that the trial court erred by denying his motion to suppress the evidence discovered in his automobile. He argues that the investigatory stop of his vehicle was illegal because, he says, the officers did not have reasonable suspicion for conducting an investigatory stop; thus, he argues, the marijuana discovered as a result of the illegal stop was inadmissible. Under the facts of this case, there was no initial stop or seizure. *Page 375 
 "`The mere approach and questioning of . . . persons [in a parked vehicle] does not constitute a seizure.' W. LaFave, 3 Search and Seizure § 9.2(h) (2d ed. 1987), and cases cited therein. Thus, the officers needed no probable cause to initially approach the appellant in his parked car."
Christmas v. State, 624 So.2d 684, 685 (Ala.Crim.App. 1993). Once the officers smelled the marijuana they had "probable cause to believe that an illegal substance [was] present" and thus ask Johnson to get out of the vehicle. Mathews v. State, 597 So.2d 235, 238 (Ala.Crim.App. 1992). Once the officers asked the appellant to get out of the vehicle, they saw the marijuana in plain view on the floorboard of the car.
 "`The officer's action in looking through the car window and observing what was in plain view was not a search,' Pearson v. State, 542 So.2d 955, 956
(Ala.Cr.App. 1989), and the seizure of the [marijuana] without a warrant was lawful under the plain view doctrine. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564
(1971)."
624 So.2d at 686.
Based on the facts in the record, the trial court's denial of the motion to suppress was proper.
However, we must remand this case in order for the trial court to reconcile a discrepancy in the record concerning whether Johnson was adjudged guilty and sentenced for possession of drug paraphernalia.
The grand jury of Tallapoosa County returned a two count indictment against James Donald Johnson. Count One charged Johnson with possession of marijuana. Count Two charged possession of drug paraphernalia. The record in this case contains the following documents, some of which are in conflict:
 — The "Explanation of Rights and Plea of Guilty" form, which was signed by Johnson, his attorney, and the trial judge, and which reflects that Johnson was charged with possession of marijuana, a Class C felony.
 — The plea agreement, which reflects Johnson's intent to enter a plea of guilty "as charged in the indictment" and a recommended sentence of "2 years."[1] C.R. 22.
 — The transcript from the plea hearing, which reflects that only the marijuana charge was discussed and that the trial court pronounced judgment as to that offense. At the sentencing hearing, the trial court sentenced Johnson to serve two years in prison for possession of marijuana.
 — The trial court's written sentencing order, which, in contrast to the plea hearing, indicates that the trial court took Johnson's plea to "the charges against him" and sentenced him to serve two years for the convictions "to run concurrently." C.R. 23 (emphasis added).
 — The "Alabama Board of Pardons and Paroles Report of Investigation," which reflects that Johnson was sentenced to two years after being convicted of possession of marijuana and to 12 months in jail after a conviction for possession of drug paraphernalia. The report also recommends that the 2-year and 12-month sentences be suspended and that Johnson be placed on two years' probation.
 — The notice of appeal, which reflects that Johnson is appealing after convictions for possession of marijuana and for *Page 376 
possession of drug paraphernalia and his sentences of two years and 12 months, respectively.
The record in this case is confusing. It is apparent that the motion to suppress also included the evidence forming the basis for the charge of possession of drug paraphernalia. It seems senseless to omit a challenge to this conviction on appeal. Indeed, Johnson's notice of appeal reflects a challenge to both convictions. However, it is clear from the transcript of the plea colloquy that the trial court did not take Johnson's plea to possession of drug paraphernalia and did not sentence him for that offense at the sentencing hearing. Moreover, we note that if Johnson was sentenced to two years' imprisonment for possession of drug paraphernalia, the sentence would be illegal. Possession of drug paraphernalia is a Class A misdemeanor, punishable by not more that one year in the county jail. At the very least, there exists in the record a conflict between the trial court's written sentencing order, which reflects that Johnson was convicted of both possession of marijuana and possession of drug paraphernalia and that he was sentenced to two years — "to run concurrently" — and the transcript from the plea hearing, which reflects that Johnson pleaded guilty only to possession of marijuana and that he was sentenced to two years in prison. "The sentence pronounced by the trial court should be accurately reflected in the court's case action summary." Sims v. State, 741 So.2d 1117
(Ala.Crim.App. 1999) (quoting Casey v. State, 740 So.2d 1136
(Ala.Crim.App. 1998)).
We must remand this case to the trial court with directions that the trial court clarify the discrepancy in the record concerning the drug-paraphernalia charge and the sentences imposed. The trial court should clarify for the record whether Johnson was adjudged guilty of possession of drug paraphernalia and whether he was sentenced for that offense. If the trial court determines that Johnson was not adjudged guilty and sentenced for the offense of possession of drug paraphernalia, then the trial court may dismiss the charge or it may take Johnson's plea in a hearing. If the charge is dismissed, the trial court shall amend the sentencing order to reflect only one conviction and sentence. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. The trial court is authorized to take whatever action is necessary to correct the record. In any event, due return should be made to this court within 60 days after the release of this opinion. Return to remand should include the transcript from any further proceedings in addition to orders issued by the trial court.
AFFIRMED AS TO CONVICTION AND SENTENCE FOR POSSESSION OF MARIJUANA; REMANDED WITH DIRECTIONS AS TO CHARGE OF POSSESSION OF DRUG PARAPHERNALIA.*
Long, P.J., and McMillan and Fry, JJ., concur; Baschab J., concurs in the result.
* Note from the reporter of decisions: On December 15, 2000, on return to remand, the Court of Criminal Appeals dismissed the appeal as to the charge of drug paraphernalia, without opinion.
[1] The agreement also reflected the imposition of various fines including the fine mandated by § 13A-12-281, the Demand Reduction Assessment Act. *Page 377