815 So.2d 578 (2001)
Ex parte State of Alabama.
(Re Bruce Wykine ADAMS v. STATE).
1991010.
Supreme Court of Alabama.
January 5, 2001.
*579 Bill Pryor, atty. gen., and Robin Blevins, asst. atty. gen., for petitioner.
Gregory B. Dawkins of Thomas O. Bear, P.C., Foley, for respondent.
SEE, Justice.
The Court of Criminal Appeals reversed Bruce Wykine Adams's criminal conviction, based on a conclusion that the search of Adams's person exceeded the constitutionally permissible scope of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Adams v. State, 815 So.2d 574 (Ala.Crim.App.1999). We granted the State's petition for certiorari review. We find it unnecessary to address the Terry issue, because we conclude that the search of Adams's person was justified as a search incident to a lawful arrest. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand.
At approximately 12:35 a.m. on April 27, 1998, Officer James Eissler of the Bay Minette Police Department stopped an automobile for speeding. Eissler approached the car and asked for identification from both the driver, Jerome Williams, and the passenger, Bruce Adams. Eissler returned to his patrol car, where he began writing out a citation for speeding. Eissler also checked whether either Williams or Adams had any outstanding warrants.
As Eissler was writing the traffic citation, his partner, Kerry Mitchum, arrived at the scene. Mitchum approached the driver's side of the stopped car, and, while he was talking to Williams, Mitchum smelled marijuana.[1] He walked to Eissler's patrol car and told Eissler that he *580 had smelled marijuana. Eissler, who was suffering from what he called a "bad head cold" that evening, had not detected the odor. According to Mitchum, he returned to Williams's car and, when he questioned Williams about the odor, Williams stated that he had been smoking marijuana. Williams did not say that he had smoked marijuana with Adams or that he had smoked marijuana in the car. Williams consented to a search of his car.
Mitchum testified that he told Williams to step out of the car. As Williams was getting out, Adams also got outalthough neither officer had asked Adams to get out of the car. Eissler testified that it is police practice not to ask both the driver and the passenger to get out at the same time. Eissler further testified that Mitchum did not tell him that Adams was going to get out of the car.
According to Eissler's testimony, he believed Adams was armed. When Adams got out of the car, Eissler told him to turn around to face the car, and to put his hands on the top of the car. Eissler patted Adams down to search for weapons and contraband, and he reached into Adams's front pocket, where he found a bag containing a substance that appeared to be marijuana. Eissler testified that, from the patdown, he knew that Adams did not have a weapon in his front pants pocket. Immediately following the patdown, Williams and Adams were arrested. They were taken to the Bay Minette Police Department, where they were charged with possession of marijuana.
At trial, Adams moved to exclude any evidence obtained as the result of the search of the car or of his person. Adams argued that the evidence removed from his pocket should have been excluded because, he argued, the search and seizure were unconstitutional under Terry v. Ohio, supra. The trial court denied the motion. Adams was convicted and was sentenced to one year's imprisonment.
The Court of Criminal Appeals reversed Adams's conviction, holding that the trial court erred in denying Adams's motion to suppress the marijuana seized from his front pants pocket. The Court of Criminal Appeals stated that "Eissler did not patdown the outer portion of Adams's pocket to determine if a weapon was present and he did not inadvertently discover the marijuana in the pocket so as to implicate the `plain-feel' doctrine." Adams, 815 So.2d at 577.[2] Therefore, the Court of Criminal Appeals concluded, nothing in the record "[established] probable cause to support a search of Adams beyond the scope of Terry [,] without a warrant." 815 So.2d 574, 577.
The State asserts that the trial court properly denied Adams's motion to suppress the evidence because, it argues, Officer Eissler had probable cause to search Adams, based on the odor of marijuana coming from the car, Williams's admission that he had recently smoked marijuana, and Adams's suspicious behavior. We agree.
In Woods v. State, 695 So.2d 636 (Ala. Crim.App.1996), the Court of Criminal Appeals explained the standard for determining the existence of probable cause:
"`Whether there is probable cause [to] merit a warrantless search and seizure is to be determined by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "Probable cause exists where all the facts and circumstances *581 within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched." Sheridan v. State, 591 So.2d 129, 130 (Ala.Crim.App.1991).'
"State v. Stallworth, 645 So.2d 323, 325 [(Ala.Crim.App.1994)].... `When we speak of probable cause, we are dealing with probabilities which are factual and practical considerations of everyday experience.' [Sterling v. State, 421 So.2d 1375, 1381 (Ala.Crim.App.1982)]."
695 So.2d at 640 (citations omitted).
A police officer's detecting the smell of raw or burned marijuana coming from a particular place or person is sufficient to provide probable cause to search that place or person. See Blake v. State, 772 So.2d 1200 (Ala.Crim.App.2000) (holding that the odor of burning marijuana emanating from the defendant's automobile constituted probable cause to search the defendant and his passenger and to arrest either for possession of marijuana); State v. Betterton, 527 So.2d 743, 745-46 (Ala.Crim.App.1986); State v. Mathews, 597 So.2d 235, 237 (Ala.Crim.App.1992). In Mathews, the Court of Criminal Appeals stated:
"`It appears to be generally accepted that the smell of marijuana in its raw form or when burning is sufficiently distinctive to come within the rule of ... Johnson [v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 ... (1948), that probable cause to believe that an illegal substance is present may be established by smell]. Consequently, the courts have found probable cause to search when the distinctive odor of marijuana is found emanating from a particular place and have likewise found probable cause to arrest when the odor was detected coming from a particular person.'
"`The odor of fresh marijuana or marijuana smoke, standing alone, has ... been held or recognized as providing probable cause to conduct warrantless searches of ... persons and their clothing.'"
597 So.2d at 237 (alterations in original; citations omitted).[3]
In Blake, the Court of Criminal Appeals addressed an issue of first impression, namely, "whether the odor of burned marijuana emanating from an automobile may be enough to provide probable cause to arrest the occupants of the vehicle." 772 So.2d at 1205. The Court of Criminal Appeals answered the question in the affirmative:
"The odor of burning marijuana emanating from [the defendant's] car alerted the officers to the fact that marijuana was likely present or that it had been burned only shortly before and, also, that the car's two occupantsparticularly [the defendant], the driver in `control' of the carlikely possessed marijuana. This provided probable cause to arrest [the defendant] for possession of marijuana. Under the facts of this case, where two persons were sitting in the front seat of an automobile, we do not believe that an individualized suspicion was required to arrest either [the defendant] *582 or his passenger. To require such individual suspicion in all cases would be to say that even where the odor of burning marijuana is emanating from the relatively close confines of an automobile therefore clearly justifying a search of the automobileif the occupants of the vehicle have the foresight to quickly secrete the controlled substance in their pockets, they may drive away after the search of the vehicle proves fruitless. See Branson [v. State], 327 Ark. [567,] 572, 940 S.W.2d [440,] 442 [(1997), cert. denied, 522 U.S. 898, 118 S.Ct. 244, 139 L.Ed.2d 173 (1997)]; [see] also 3 W. LaFave, Search and Seizure, § 7.2(e) at 508 (3d ed.1996)."
The totality of the facts and circumstances personally known to Officers Eissler and Mitchum were sufficient to give them probable cause to believe that Adams possessed marijuana. When he approached the automobile, Officer Mitchum smelled marijuana. When Officer Mitchum asked Williams whether he had been smoking marijuana, Williams answered that he had. When Officer Mitchum ordered Williams out of the car, Adams also got out, even though he had not been asked to. These circumstances were sufficient to establish probable cause to arrest Adams.[4] See Blake, supra. Because Mitchum, before conducting the search, had probable cause to arrest Adams, and because the search and the arrest were sufficiently contemporaneous, Mitchum's search of Adams's front pants pocket was a valid search incident to an arrest. Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."). Therefore, the seizure of the marijuana was legal. Accordingly, the trial court properly denied Adams's motion to exclude the seized marijuana.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, BROWN, and ENGLAND, JJ., concur.
LYONS, J., concurs in the judgment.
JOHNSTONE, J., dissents.
LYONS, Justice (concurring in the judgment).
I concur in the judgment.
Adams, a passenger, stepped out of the car when the police asked the driver to step out. I do not consider that action by Adams to constitute a suspicious circumstance. If an officer verbally commands the driver to exit an automobile, a passenger *583 on the other side of the car who hears that command could reasonably understand it as a command to all occupants. I consider the rationale of Blake v. State, 772 So.2d 1200 (Ala.Crim.App.2000), to be dispositive of this case.
NOTES
[1] Mitchum did not specify in his testimony whether the smell was that of raw marijuana or that of burned marijuana.
[2] We are not concerned in this case with whether the search of Adams's pants pocket, leading to the subsequent seizure of marijuana, was justified under the plain-feel doctrine. See Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
[3] This case differs from Ex parte James, 797 So.2d 413 (Ala.2000). In James, this Court held that where the officer had observed nothing that would create a reasonable suspicion that the defendant had drugs in his pants pocket, and had not conducted a patdown of the exterior of that pocket, the officer's reaching into the defendant's pants pocket and removing the drugs violated Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In this case, the officers had more than a reasonable suspicion that Adams possessed drugs; the officers had probable cause to search him.
[4] Our conclusion is in accord with those of other jurisdictions that have held that, where police officers smell the odor of burned or burning marijuana coming from a legally stopped automobile, police officers have probable cause to arrest all of the automobile's occupants and that police officers' search of one of the occupants prior to arrest is valid as a search incident to arrest. See State v. Overby, 590 N.W.2d 703 (N.D.1999); Brunson v. State, 327 Ark. 567, 940 S.W.2d 440, cert. denied, 522 U.S. 898, 118 S.Ct. 244, 139 L.Ed.2d 173 (1997); State v. Mitchell, 167 Wis.2d 672, 482 N.W.2d 364 (1992); State v. Hammond, 24 Wash.App. 596, 603 P.2d 377 (1979); Dixon v. State, 343 So.2d 1345 (Fla. Dist.Ct.App.1977); see also State v. Merrill, 538 N.W.2d 300, 301 (Iowa 1995) ("Our review of other jurisdictions reveals that the majority of states have adopted the view that the smell of burnt marijuana, standing alone, may provide probable cause for a warrantless search."); Donald M. Zupanec, Annotation, Odor of Narcotics as Providing Probable Cause for Warrantless Search, 5 A.L.R.4th 681, at § 6 (1981) (citing cases holding "that the odor of marijuana, standing alone, was a sufficient basis upon which to conduct warrantless searches of persons or their clothing").