This is a paternity case.
Roderick Mitchell was charged with being the father of an illegitimate child. The mother is Carla Tompkins. A jury found Mitchell to be the father of the child and, after being so adjudged by the Circuit Court of Jefferson County, he appeals to this court.
Mitchell's first issue is that he was denied the right of confrontation because the complaining witness, Carla Tompkins, did not identify him in court as the father of her child.
The confrontation clause of the sixth amendment to the United States Constitution provides that a person charged with a criminal offense has the right to be confronted by the witnesses against him. To like effect, is the sixth section of article one of the 1901 Alabama Constitution.
In Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074,13 L.Ed.2d 934 (1965), the United States Supreme Court said that the primary interest secured by the confrontation clause is the right to cross-examination, and that adequate opportunity for *Page 142 
cross-examination may satisfy the clause even in the absence of physical confrontation.
The Alabama Constitution has also been construed to accord to a criminal defendant the right to confront the witnesses against him and to cross-examine them. Hembree v. City ofBirmingham, 381 So.2d 664 (Ala.Cr.App. 1980).
Carla Tompkins, the mother of the illegitimate child, testified that she knew Roderick Mitchell, the defendant in the case. She later testified without objection that in her opinion Roderick Mitchell was the father of her child. Moreover, the mother of Carla Tompkins and Joyce Tankersley, a neighbor, identified Roderick Mitchell as the defendant in open court. All of these witnesses were cross-examined by Mitchell's attorney. No error in this aspect of the case.
Mitchell next says that the court erred in not excluding the following testimony by the witness Carla Tompkins:
 "Q. Who is currently providing the support for Brandon Tompkins?
 "A. I receive ADC and my brother helps me take care of my baby.
"Q. What is ADC, please, ma'am?
"A. Aid To Dependent Children by the state.
 "MR. ADAMS: That is all I have at this time, answer Mr. Turberville's questions.
"THE COURT: Mr. Turberville."
As noted by the State, Mitchell did not object to the above questions when they were asked, nor did he move to exclude the answers after they were given.
An objection to the introduction of evidence must be made after the question is asked and before an answer is given. An objection made after an answer is given is too late. Harrisonv. State, 358 So.2d 759 (Ala.Cr.App. 1977), rev'd on othergrounds, 358 So.2d 763 (Ala. 1978). Moreover, the court will not be put in error in the above situation unless a motion to exclude is made and an adverse ruling given thereon. Harrisonv. State, supra.
In the instant case no objection was made to the questions asked, nor was there a motion to exclude the answers. No error here.
Mitchell's next contention is that the trial court erred in allowing the State's attorney to read only a part of the complaint against him. Mitchell says that by not requiring the prosecutor to read the entire complaint to the jury they were not fully apprised of the charges against him.
The State answers that a reading of the entire complaint is not required; all that is required is that the jury be fairly apprised of the charges against an accused.
The reading of an indictment to the jury is not required; only that the jury be fairly informed of the charges against the accused. Wiggins v. State, 347 So.2d 543 (Ala.Cr.App. 1977). We also note that it has been accepted practice for the indictment to go to the jury room with the jury. Wiggins v.State, supra. But see, Temp.R. 14, A.R.Crim.P.
Prior to the beginning of the trial, the trial judge informed the jury of the charges against Mitchell, the prosecutor read the portion of the complaint detailing the charges against Mitchell, and the trial judge, again when he instructed the jury on the law at the conclusion of the trial, informed the jury of the nature of the charges against Mitchell.
The jury was fairly informed of the charges against Mitchell and the trial court did not commit reversible error in not requiring the State's attorney to read every word in the complaint.
Mitchell's final contention is that the verdict of the jury finding Mitchell to be the father of Carla Tompkins's child was against the great weight of the evidence.
The evidence shows that Carla met Mitchell the last of December 1980 and went with him on a steady basis until the latter part of 1981. She started having sex with Mitchell on a regular basis the last of January 1981. These sexual encounters continued until the fall of 1981. She stated *Page 143 
she had sex with no one else. The baby was born February 24, 1982. There was testimony from Carla's mother and a neighbor that Mitchell saw Carla regularly during the spring and summer of 1981.
There was testimony that Mitchell and several of his friends had sexual relations with Carla a few times in April and May of 1981. Mitchell and his friends testified that Carla was a prostitute and that she was paid for her services.
The weight of the evidence, the credibility of the witnesses, and the inferences to be drawn from the evidence are for the jury to determine. Walker v. State, 416 So.2d 1083 (Ala.Cr.App. 1982).
We find the verdict of the jury to be amply supported by the evidence, and the overruling of the motion for new trial on this ground was not error.
Although not presented as an issue on appeal, Mitchell, in a one paragraph statement containing no citation of authority, argued that the trial court erred in not retracting a statement made to the jury that the purpose of the paternity proceeding was to require Mitchell to support his illegitimate child.
Rule 28 (a)(3), Alabama Rules of Appellate Procedure, requires that a brief contain a statement of the issues presented for review, with principal authorities cited in support of such issues.
As noted, Mitchell did not make this contention one of his issues on appeal, nor did he support the contention with a citation of authority. In this posture we consider that this argument has not been properly presented to this court for review.
No reversible error having been properly pointed out, judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.