In May 1996, Shirley M. Morgan sued Cory Shane Jones, Allstate Insurance Company ("Allstate"), and State Farm Mutual Automobile Insurance Company ("State Farm"), alleging that Jones had negligently and/or wantonly caused his truck to collide with a car in which she was a passenger. Morgan requested underinsured- motorist coverage from Allstate, the insurer of the driver of the car in which she was a passenger, and from State Farm, her own insurer. State Farm is also the insurer of Jones. Morgan settled her claim against Jones, and Jones was dismissed as a defendant.
The case was tried to a jury, which returned a verdict for Allstate and State Farm. Morgan filed a motion for a new trial, which the trial court denied. She appealed to the supreme court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6). Morgan argues that Jones's negligence was uncontested and that she presented evidence of her physical injury and economic loss, and therefore, that the jury verdict for Allstate and State Farm is inconsistent with the evidence.
 "A jury's verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust. In addition, a judgment based upon a jury verdict and sustained by the denial of a postjudgment motion for a new trial will not be reversed unless it is plainly and palpably wrong. Because the jury returned a verdict for the [plaintiffs], any disputed questions of fact must be resolved in their favor, and we must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict. In short, in reviewing a judgment based upon a jury verdict, this Court must review the record in a light most favorable to the appellee."
Crown Life Ins. Co. v. Smith, 657 So.2d 821, 822 (Ala. 1994) (citations omitted).
We agree with Morgan that Jones's negligence was undisputed. Brenda Craft, the driver of the car in which Morgan was a passenger, testified that she was proceeding down Alabama Highway 202 at night when she noticed a truck, which was driven by Jones, traveling on Old Coldwater Road which intersects Highway 202. The intersection has stop signs only for Old Coldwater Road. Craft stated that she suddenly realized that the truck would not stop at its stop sign. The truck did not stop, and it hit the passenger side of her car. Morgan testified that she did not see Jones's truck until a moment before the impact. Jones testified that because of a concussion he suffered in the accident, he had no memory of the accident itself or of his actions before the accident. Allstate and State Farm presented no other evidence regarding the events leading to the accident.
We conclude that Morgan presented undisputed evidence indicating that Jones was negligent in causing the accident. Craft testified that Jones ran the stop sign, and Allstate and State Farm *Page 464 
presented no evidence to contradict Craft's testimony. The jury is entitled to draw reasonable inferences from the evidence, but the jury is not entitled to ignore undisputed evidence. Stinson v. ACME Propane Gas Co.,391 So.2d 659 (Ala. 1980); City of Gadsden v. Brannon, 581 So.2d 1106
(Ala.Civ.App. 1991). Morgan presented evidence indicating that Jones ran the stop sign and thereby caused the collision, and Allstate and State Farm presented no evidence to contradict Morgan's evidence. Morgan also presented evidence that she suffered physical injury and economic loss as a result of the collision. Contributory negligence on the part of Morgan was not an issue in this case.
The jury's verdict for Allstate and State Farm is inconsistent with the undisputed evidence of Jones's negligence. Therefore, the trial court erred by denying Morgan's motion for a new trial. The judgment is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.
REL: 04/16/1999 HARTFORD