HOOPER, Chief Justice
(dissenting).
I would grant the petition for certiorari review. The facts presented to this Court indicate that the jury’s verdict for the defendant insurers may have been based on a finding other than that the defendant Cory Shane Jones did not negligently cause the traffic accident on which the plaintiff Shirley Morgan’s action was based. It is undisputed that the accident was caused by Jones’s negligence. The Court of Civil Appeals based its reversal on the fact that the defendant insurance companies (two carriers of underinsured-motorist coverage) presented no evidence to contradict the evidence indicating Jones was negligent. See Morgan v. Allstate Ins. Co., 749 So.2d 462 (Ala.Civ.App.1999). However, the question of Jones’s negligence was not the only issue before the *465 jury in Morgan’s claim against State Farm Mutual Automobile Insurance Company and Allstate Insurance Company.
State Farm and Allstate presented evidence indicating that the accident may not have caused Morgan’s injuries and evidence indicating that they had compensated Morgan for her medical bills. There is no indication that the jury found in favor of the insurance companies specifically on the basis that Jones did nothing that could have created liability on their part. It is reasonable to infer that the jury did not believe Morgan’s injuries were a direct result of the accident or did not believe that she was entitled to further compensation. Because the evidence presented reasonable grounds on which the jury could find for the insurance companies, aside from the question of Jones’s negligence, the Court of Civil Appeals should not have disturbed the judgment based on the jury’s verdict. “A jury’s verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust.” Crown Life Ins. Co. v. Smith, 657 So.2d 821, 822 (Ala.1994). The Court of Civil Appeals quotes this statement from Crown Life, see 657 So.2d at 821, but unfortunately does not apply the principle stated.
What I find most disturbing about the opinion of the Court of Civil Appeals is this passage:
“We conclude that Morgan presented undisputed evidence indicating that Jones was negligent in causing the accident. [Brenda Craft, the driver of the automobile in which Morgan was riding,] testified that Jones ran the stop sign, and Allstate and State Farm presented no evidence to contradict Craft’s testimony. The jury is entitled to draw reasonable inferences from the evidence, but the jury is not entitled to ignore undisputed evidence. Morgan presented evidence indicating that Jones ran the stop sign and thereby caused the collision, and Allstate and State Farm presented no evidence to contradict Morgan’s evidence. Morgan also presented evidence that she suffered physical injury and economic loss as a result of the collision. Contributory negligence on the part of Morgan was not an issue in this case.
“The jury’s verdict for Allstate and State Farm is inconsistent with the undisputed evidence of Jones’s negligence.”
(Emphasis added.) (Citations omitted.) I am concerned that the Court of Civil Appeals ignored the evidence presented to contradict the plaintiffs evidence indicating she suffered physical injury or economic loss. If the petitioners have correctly stated the facts in their statement presented pursuant to Rule 39(k), Ala. R.App. P., then the jury had reasonable grounds to find in favor of State Farm and Allstate: It heard evidence from which it could have found that Morgan suffered no physical injury as a result of the accident and evidence from which it could have found that, if she did suffer physical injury, she had been adequately compensated and therefore had suffered no economic loss.
Before choosing not to review a judgment that disturbs the jury’s exercise of its power to weigh the evidence and draw from the facts any reasonable inferences, we should look at the record. It is true that a jury has no authority to ignore undisputed evidence. However, when a jury’s verdict was not necessarily based on one particular ground, a court, before disturbing the verdict, should examine each ground the verdict might have been based on, to determine if the verdict was plainly and palpably wrong. I would grant certio-rari review. Therefore, I dissent.