PITTMAN, Judge,
dissenting.
I respectfully dissent. Although I hon- or what this Court stated in Morgan v. Allstate Insurance Co., 749 So.2d 462 (Ala.Civ.App.1999), in which it held that the jury is entitled to draw reasonable inferences from the evidence, but is not entitled to ignore undisputed evidence, I do not believe that particular statement has any application to the instant case. I believe the evidence in this instant case is indeed disputed. Although Bailey presented no expert witnesses to refute Bean’s allegations regarding the injuries to her lower back and neck she incurred in the automobile accident, one of Bean’s oum witnesses — Dr. Bacon, Bean’s treating physician — contradicted Bean’s testimony regarding her alleged pain and suf *1244 fering when he testified by deposition, which was presented to the trial court, that Bean had suffered back problems related to arthritis prior to the occurrence of the automobile accident. Simply stated, the dispute in the evidence was presented to the trial court by one of Bean’s own witnesses.
In Brannon v. Webster, 562 So.2d 1337 (Ala.Civ.App.1990), this Court stated:
“Determining damages lies within the discretion of the jury, and jury verdicts are afforded a strong presumption of correctness. See Watts v. Pettway, 49 Ala.App. 324, 272 So.2d 251 (Ala.Civ.App.1972). A jury has the exclusive right to weigh evidence, give credibility to witnesses, and draw inferences from the evidence before it. Mitchell v. State, 450 So.2d 140 (Ala.Civ.App.1984), Smith v. Winkles, 49 Ala.App. 454, 273 So.2d 215 (Ala.Civ.App.1973)....”
562 So.2d at 1339. In Brannon, the plaintiff claimed no injuries at the time of the automobile accident that formed the basis of that case, but she subsequently complained of neck pain and sought medical attention. Her physician determined that she suffered from mild cervical strain that would resolve itself given time to heal, and he recommended rest. The plaintiff continued to suffer pain and was referred to other physicians for therapy and additional diagnostic tests, all of which gave normal results. The bills for her claimed medical expenses and lost wages were admitted into evidence, without objection, as reasonable charges. The jury returned its jury award in an amount far less than that claimed by the plaintiff, and it did not specify what amount was for special damages and what amount, if any, was for pain and suffering. Although the plaintiff in Brannon contended that her special damages were proven and undisputed, that she had also presented proof of some pain and suffering, and that' the defendant had presented no testimony disputing her special damages, this Court found it significant that while the defendant did not offer his own contradictory evidence, his counsel created conflicts and weaknesses in the plaintiffs case through cross-examination of her witnesses. See also Davis v. Copas, 455 So.2d 27 (Ala.Civ.App.1984). In fact, this Court concluded that “[cjlearly, here the jury, as trier of facts, apparently did not believe [the plaintiff] proved her claimed damages. Nemec v. Hams, 536 So.2d 93 (Ala.Civ.App.1988).” Brannon, 562 So.2d at 1339.
I believe this present case is like Bran-non. Although, like the defendant in Brannon, Bailey did not present any expert witnesses to refute Bean’s allegations of pain and suffering she claimed to have experienced as a result of the automobile accident, Bean’s own expert witness presented testimony as to her prior arthritic injuries; despite his opinion that her injuries appeared to be consistent with those she might have suffered in the automobile accident, his testimony is sufficient to create a dispute in the evidence. The evidence being before the jury, I believe that that body was in the best position to weigh the credibility of the various witnesses and adjudge their testimony, and I trust that that body considered the evidence and awarded damages relevant to the evidence presented, as it saw fit. See Brannon, supra, citing Mitchell and Smith, and quoting Nemec. I would reverse the trial court’s order granting Bean’s motion for a new trial based on the jury’s allegedly incomplete damages award. I respectfully dissent.