WINDOM, Judge.
Roderick Earl Jackson appeals his convictions for one count of trafficking in cocaine while possessing a firearm, a violation of § 13A-12-23K2) and (13), Ala.Code 1975, one count of trafficking in marijuana while possessing a firearm, a violation of § 13A-12-23K1) and (13), Ala.Code 1975, one count of unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975, three counts of failure to affix a tax stamp, violations of § 40-17A-4, Ala.Code 1975, and one count of carrying a pistol without a permit, a violation of § 13A-11-73, Ala.Code 1975. Jackson was sentenced as a habitual felony offender with 2 prior felony convictions as follows: 1) life in prison plus 5 years and a $50,000 fine for the trafficking-in-cocaine conviction; 2) life in prison plus 5 years and a $25,000 fine for the trafficking-in-marijuana conviction; 3) 10 years in prison and a $2,000 fee imposed pursuant to the Demand Reduction Assessment Act for the unlawful-possession-of-a-controlled-substance conviction; 4) 10 years in prison for each failure-to-affix-a-tax-stamp conviction; and 5) 12 months in prison for the carrying-a-pistol-without-a-permit conviction. The circuit court ordered that these sentences run concurrently. Lastly, the circuit court ordered Jackson to pay court costs and $100 to the Crime Victims Compensation Fund for each felony conviction. (C. 14-18, R. 288-90.)
I.
On appeal, Jackson first argues that the circuit court erred in denying his motion to suppress the evidence seized from his person and from his car. Specifically, Jackson argues that Officer Derrick Bouyer did not have a warrant to search his person or his car and that the State failed to establish that the searches fall within a recognized exception to the Fourth Amend- *1254 merit’s warrant requirement. This Court disagrees.
“This Court reviews de novo a circuit court’s decision on a motion to suppress evidence when the facts are not in dispute.” State v. White, 28 So.3d 827, 829 (AIa.Crim.App.2009) (quoting State v. Skaggs, 903 So.2d 180, 181 (Ala.Crim.App. 2004) (internal citations omitted)). In the instant case, the facts are uncontested; therefore, the only issue before this Court is the circuit court’s application of the law to those facts. Consequently, this Court affords no presumption in favor of the circuit court’s ruling and reviews the circuit court’s decision de novo.
It is well settled that warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless the State establishes that the search or seizure falls within a recognized exception. Ex parte Hilley, 484 So.2d 485, 488 (Ala. 1985). Exceptions to the warrant requirement include: 1) objects in plain view; 2) consensual searches; 3) a search incident to a lawful arrest; 4) hot pursuit or emergency situations; 5) probable cause coupled with exigent circumstances; and 6) an investigatory detention and frisk pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.1995). Another recognized exception to the warrant requirement is the “automobile exception,” which allows law enforcement to search an automobile based on probable cause alone. State v. Black, 987 So.2d 1177, 1180 (Ala. Crim.App.2006) (citing Maryland v. Dyson, 527 U.S. 465, 466-67, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999)).
At the suppression hearing, Officer Bouyer was the only witness to testify. According to Officer Bouyer, he stopped Jackson at Arkadelphia Road and 8th Avenue West because Jackson was playing his radio too loudly. Officer Bouyer walked up to the passenger side of Jackson’s car and asked for Jackson’s driver’s license. As Jackson was handing Officer Bouyer his driver’s license, Officer Bouyer “smelled a strong odor of marijuana and also observed [an opened] beer inside the vehicle.” (R. 10, 123.) Officer Bouyer then walked around to the driver’s side of the car and asked Jackson if there was anything in the car that the officer should know about. Jackson denied that there was anything in, the car. At that point, Officer Bouyer asked Jackson to get out of the car so he could conduct a patdown search.
During the patdown, Officer Bouyer asked for consent to search Jackson’s pockets, and Jackson consented. In one of Jackson’s pockets, Officer Bouyer found money, marijuana, powder cocaine, and crack cocaine. At that point, Officer Bouyer arrested Jackson and placed Jackson in his patrol car. Officer Bouyer then conducted a search of Jackson’s car. During the search of the interior of the car, Officer Bouyer found a handgun underneath the driver’s seat. While searching the trunk, Officer Bouyer found a large bag containing several bags of marijuana, another bag containing marijuana and pills, a footlocker containing a “bag full of money” (R. 13), and more cocaine.
Based on these uncontested facts, the circuit court correctly denied Jackson’s motion to suppress. Officer Bouyer initially stopped Jackson for playing his radio too loudly in violation of a city ordinance.[1] While Officer Bouyer was next to Jack *1255 son’s car, he smelled a strong odor of marijuana and saw an open beer can. At that point, Officer Bouyer had probable cause to arrest Jackson and search Jackson’s car. See Blake v. State, 772 So.2d 1200, 1202 (Ala.Crim.App.2000) (“[I]t is well settled ... that the odor of burned marijuana emanating from an automobile is enough to provide probable cause to search the vehicle.”); State v. Gargus, 855 So.2d 587, 592 (Ala.Crim.App.2008) (holding that an officer’s detection of “the odor of ‘burnt marijuana smoke’ emanating from [a] vehicle ... established probable cause” to search the vehicle); Key v. State, 566 So.2d 251, 254 (Ala.Crim.App.1990) (same); Adams v. State, 815 So.2d 578, 582 n. 4 (Ala.2001) (holding that “where police officers smell the odor of burned or burning marijuana coming from a legally stopped automobile, police officers have probable cause to arrest all of the automobile’s occupants”). Further, after properly ordering Jackson out of the car, Officer Bouyer obtained Jackson’s consent to search Jackson’s pockets, where Officer Bouyer found drugs and money. See Mills v. State, 62 So.3d 553, 561 (Ala.Crim. App.2008) (holding that consent to search is a recognized exception to the warrant requirement). After smelling the strong odor of marijuana coming from the car and after Officer Bouyer found, pursuant to Jackson’s consent, drugs in Jackson’s pocket, he had probable cause to search the ear. See Blake, 772 So.2d at 1202; Adams, 815 So.2d at 582 n. 4.
Because Officer Bouyer had probable cause to search Jackson’s car and because Jackson consented to the search of his pockets, the circuit court correctly denied Jackson’s motion to suppress the evidence seized as a result of those searches. Therefore, this issue does not entitle Jackson to any relief.
II.
Jackson next argues that the circuit court abused its discretion by allowing the State to impeach him with his prior felony convictions for first-degree unlawful possession of marijuana and unlawful possession of a controlled substance. Specifically, Jackson argues that the circuit court erroneously determined that the probative value of the prior convictions outweighed the prejudice as required under Rule 609(a)(1)(B), Ala. R. Evid. Jackson also argues that the circuit court erred in failing to give the jury a limiting instruction regarding its consideration of his prior convictions. Neither of these issues entitles Jackson to any relief.
To the extent Jackson argues that the circuit court abused its discretion by allowing the State to impeach him, pursuant to Rule 609(a)(1)(B), Ala. R. Evid., with his prior felony convictions for first-degree unlawful possession of marijuana and unlawful possession of a controlled substance, this issue is not properly before this Court. In ruling on his motion in limine, the circuit court stated:
“Under [Rule] 609, [Ala. R. Evid.,] I’m going to find that the probative value of admitting these outweighs the prejudicial value. I think it could also come in as WJp(b) [, Ala. R. Evid.,] to prove the defendant’s knowledge of the presence of the drugs, since there’s been testimony from the police officer there was an odor of marijuana in the car, and that according to these prior convictions there was a prior possession of marijuana, and the other was a possession of a controlled substance. So I’m going to deny your motion.”
(R. 218 (emphasis added).)
In his initial brief, however, Jackson does not challenge the circuit court’s alternative holding that the prior convictions were admissible pursuant to Rule 404(b), *1256 Ala. R. Evid. Because Jackson has failed to challenge one of the circuit court’s holdings, he has waived review of this issue. See Kellis v. Estate of Schnatz, 983 So.2d 408, 413 (Ala.Civ.App.2007) (holding that an appellant’s failure to challenge the circuit court’s alternative holding constitutes a waiver and requires that we affirm the circuit court’s decision); Andersen v. Professional Escrow Servs., Inc., 141 Idaho 743, 118 P.3d 75, 78 (2005) (“Because the Andersens have failed to challenge on appeal the district court’s alternative grounds for granting summary judgment against them, the dismissal of their case must be affirmed.”); Biales v. Young, 315 S.C. 166, 432 S.E.2d 482, 484 (1993) (holding that the failure to challenge an alternative ground for a holding constitutes abandonment of the issue and precludes further review of that holding on appeal); Johnson v. Com., 45 Va.App. 113, 609 S.E.2d 58, 60 (2005) (holding that in situations in which there is one or more alternative holdings on an issue, the appellant’s failure to address one of the holdings results in a waiver of any claim of error with respect to the court’s decision on that issue); Maher v. City of Chicago, 547 F.3d 817, 821 (7th Cir.2008) (“ ‘[I]n situations in which there is one or more alternative holdings on an issue, we have stated that failure to address one of the holdings results in a waiver of any claim of error with respect to the court’s decision on that issue.’”) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir.2001)); Coronado v. Valleyview Pub. Sch. Dist., 537 F.3d 791, 797 (7th Cir.2008) (noting that the appellant’s claim failed due to his “failure to confront the district court’s alternative holding”); Utah v. United States, 528 F.3d 712, 724 (10th Cir.2008) (holding that the failure to challenge alternative holding of district court constitutes waiver); cf. Smith v. State, 745 So.2d 922, 932 n. 2 (Ala.Crim. App.1999) (noting that this Court will not address issues not raised by the appellant).
Moreover, even if this issue was properly before this Court, it does not entitle Jackson to any relief. This Court notes that “ ‘[t]he admission or exclusion of evidence is a matter within the sound discretion of the trial court.’ ” Hinkle v. State, 67 So.3d 161, 164 (Ala.Crim.App. 2010) (quoting Taylor v. State, 808 So.2d 1148, 1191 (Ala.Crim.App.2000), aff'd, 808 So.2d 1215 (Ala.2001)). “The question of admissibility of evidence is generally left to the discretion of the trial court, and the trial court’s determination on that question will not be reversed except upon a clear showing of abuse of discretion.... ” Ex parte Loggins, 771 So.2d 1093, 1103 (Ala. 2000). This Court has thoroughly reviewed the record and cannot say that the circuit court abused its discretion in finding that the probative value of the evidence of the prior convictions outweighed any prejudice. See Rule 609(a)(1)(B), Ala. R. Evid. (“[EJvidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.”). Therefore, Jackson has not met his burden of establishing that the circuit court abused its discretion by allowing evidence of his prior convictions to be admitted.
Finally, to the extent Jackson argues that the circuit court erroneously failed to instruct the jury on the limited purpose for the admission of his prior convictions, this issue is not properly before this Court. At trial, Jackson neither requested a limiting instruction nor objected, to the circuit court’s instructions. Rule 21.3, Ala. R.Crim. P., provides, in relevant part, that “[n]o party may assign as error the court’s ... giving of an ... incomplete or otherwise improper oral charge, unless *1257 the party objects thereto before the jury retires to consider its verdict, stating the matter to which he or she objects and the grounds of the objection.” See also Shouldis v. State, 953 So.2d 1275, 1282 (Ala. Crim.App.2006) (holding that the appellant’s challenge to the circuit court’s jury instruction was not preserved and thus was not properly before this Court). Because Jackson failed to request a limiting instruction and failed to object to the circuit court’s instruction, he did not preserve this issue for this Court’s review. Therefore, this issue does not entitle him to any relief.
Based on the foregoing, this Court affirms Jackson’s convictions. This Court must, however, remand this cause. It does not appear from the record that the circuit court imposed the additional mandatory $25,000 fine for Jackson’s conviction of trafficking in cocaine while possessing a firearm or for his conviction for trafficking in marijuana while possessing a firearm. § 13A-12-2S1(13), Ala.Code 1975 (“Notwithstanding any provision of law to the contrary, any person who has possession of a firearm during the commission of any act proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of twenty-five thousand dollars ($25,000); the court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence.”). See Carter v. State, 812 So.2d 391, 395 n. 3 (Ala.Crim. App.2001) (holding that “the $25,000 fine provided for in § 13A-12-231(13) is mandatory”). Because the circuit court did not impose the mandatory fine contained in § 13A-12-231Q3), Ala.Code 1975, Jackson’s sentences are illegal. Brown v. State, 939 So.2d 957, 961 (Ala.Crim.App. 2005) (holding that the circuit court’s failure to apply the mandatory enhancements contained in § 13A-12-231(13) renders the appellant’s sentence illegal). Accordingly, this Court remands this cause to the, circuit court and directs that court to impose the mandatory $25,000 enhancement to Jackson’s conviction for trafficking in cocaine while possessing a firearm and to his conviction for trafficking in marijuana while possessing a firearm. Due return shall be filed with the Court within 28 days of the date of this opinion.
AFFIRMED IN PART AND REMANDED WITH DIRECTIONS.*
WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.

. Jackson does not contest the legality of the initial stop; therefore, this Court will not address that issue.

 Note from the reporter of decisions: On February 18, 2011, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 22, 2011, that Court denied rehearing, without opinion.