BURKE, Judge.
Roderick Earl Jackson was convicted of trafficking in cocaine, a violation of § 13A-12-231(2)(a), Ala.Code 1975; trafficking in marijuana, a violation of § 13A-12-231(l)(a), Ala.Code 1975; unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975; carrying a pistol without a permit, a violation of § 13A-11-73, Ala.Code 1975; and three counts of failure to affix a tax stamp, a violation of § 40-17A-4, Ala.Code 1975. He was sentenced as a habitual felony offender to life imprisonment for each of the drug-trafficking convictions; ten years’ imprisonment for the unlawful-possession-of-a-controlled-substance conviction; 10 years’ imprisonment for each of the failure-to-affix-a-tax-stamp convictions; and 12 months’ imprisonment for the carrying-a-pistol-without-a-permit conviction. The jury also found that Jackson was in possession of a firearm during the commission of the trafficking offenses, a violation of § 13A-12-231(14), Ala.Code 1975. Accordingly, he was sentenced to an additional five years’ imprisonment for each of the trafficking convictions. All of Jackson’s sentences were ordered to run concurrently-
This Court ultimately affirmed Jackson’s convictions in Jackson v. State, 127 So.3d 1251 (Ala.Crim.App.2010). On November 18, 2011, Jackson filed a timely petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P., which he amended on June 20, 2012, and August 31, 2012.
Jackson raised numerous issues in his petition and subsequent amendments, including claims of ineffective assistance of counsel. Jackson combined many of his ineffective-assistance-of-counsel claims with other claims in various sections of his petition. For clarity, we will address all of the ineffective-assistance-of-counsel claims in a separate section of this opinion.
*489 In its response and motion to- dismiss the petition, the State denied all of Jackson’s allegations and contended that each of the issues raised in his petition was precluded under Rule 32.2(a)(2)-(5), Ala. R.Crim. P. The State also asserted that Jackson’s petition lacked the specificity required by Rule 32.6(b), Ala. R.Crim. P. The circuit court agreed and summarily dismissed the petition. This appeal follows.
On appeal, Jackson reasserts all of the issues raised in his petition. Jackson also argues that the circuit court abused its discretion by summarily dismissing his petition because, he says, the factual allegations raised in his petition were sufficiently specific and were not precluded.
The same judge who presided over Jackson’s trial also ruled on his Rule 32 petition. “The standard of review on appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition.” Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992). “ ‘ “ ‘A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.’ ” ’ ” Hodges v. State, 926 So.2d 1060, 1072 (Ala.Crim.App.2005), quoting State v. Jude, 686 So.2d 528, 530 (Ala.Crim.App.1996) (internal citations omitted). Furthermore, Rule 32.7(d), Ala. R.Crim. P., states that a circuit court may summarily dismiss a petition if “the court determines that the petition is not sufficiently specific, or is'precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings....” With these principles in mind, we will now address Jackson’s claims.
I.
First, Jackson claimed that he was denied a fair trial because, he says, the arresting officer lied at the suppression hearing. However, as the circuit court pointed. out in its order dismissing Jackson’s petition, this issue was raised on direct appeal. See Jackson v. State, 127 So.3d at 1254. Accordingly, it is precluded by Rule 32.2(a)(4), Ala. R.Crim. P., which provides that a petitioner is not entitled to relief on a claim that “was raised or addressed on appeal.... ” Therefore, this claim is precluded and the circuit court was correct to summarily dismiss it. See Rule 32.7(d), Ala. R.Crim. P.
II.
Next, Jackson asserted that the prosecutor knowingly used false information during cross-examination and therefore, he argued, rendered his trial unfair. Jackson pointed to an excerpt from his trial testimony in which the State cross-examined him regarding the car he was driving on the day of his arrest.[1] According to Jackson, the questions propounded by the State suggested that Jackson transferred ownership of the vehicle to his mother four days after his arrest in an attempt to show the jury “a consciousness of guilt on Jackson’s part.” (C. 75.) Jackson attached a bill of sale and a title application as exhibits to his petition, which purported to show that he gave the vehicle to his mother several days prior to his arrest.
However, Rule 32.2(a)(3), Ala. R.Crim. P., provides that a petitioner is not entitled to relief under Rule 32 “based upon any *490 ground ... [w]hich could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b)... ,”[2] Similarly, Rule 32.2(a)(5), Ala. R.Crim. P., precludes a petitioner from relief on any ground “[w]hich could have been but was not raised on appeal....” This Court has held that claims regarding prosecutorial misconduct are nonjurisdictional and are therefore subject to the preclusionary bars of Rule 32.2, Ala. R.Crim. P. See Sunday v. State, 857 So.2d 166, 169 (Ala.Crim.App.2002)(“[Sunday’s prosecuto-rial-misconduct claim] is precluded because it could have been, but was not, raised at trial or on appeal.”). Accordingly, this claim is precluded by Rules 32.2(a)(3) and (5), Ala. R.Crim. P.
Moreover, Jackson failed to meet the specificity requirement of Rule 32.6(b), Ala. R.Crim. P., which provides:
“Each claim in the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
Jackson made the bare allegation that the information suggested by the prosecutor’s questions was “not true and the [Assistant District Attorney] knew this.” (C. 74.) Jackson did not explain how he discovered that the prosecutor knew that the information was untrue nor did he allege that the prosecutor was even aware of the above-mentioned bill of sale and title application. Nothing in Jackson’s petition, aside from his general allegation, demonstrates that the prosecutor knowingly used false information during cross-examination. Accordingly, Jackson failed to meet the .specificity requirement of Rule 32.6(b), Ala. R.Crim. P., and the circuit court did not abuse its discretion by summarily dismissing the claim.
III.
Jackson also claimed that he was denied a fair trial because one of the jurors was an attorney and may have known someone who was employed with the District Attorney’s office. Jackson alleged that there was “a reasonable probability that this juror overbore the will of the other jurors during the deliberations.” (C. 78.) Jackson further stated that it “is easy to see how this jurors (sic) could have razzle-dazzled the other jurors with his legal acumen and vocabulary.” (C. 78.)
This claim is nonjurisdictional and is therefore precluded by Rule 32.2(a)(3), Ala. R.Crim. P., because it could have been raised at trial, but was not. See Bargeron v. State, 895 So.2d 385 (Ala.Crim.App.2004) (a claim that a juror was unqualified to serve is nonjurisdictional and is subject to the grounds of preclusion of Rule 32.2). Additionally, this claim is precluded by Rule 32.2(a)(5), Ala. R.Crim. P., because it could have been raised on direct appeal. Accordingly, the circuit court did not abuse its discretion by summarily dismissing the claim.
Moreover, the only specific facts that Jackson alleged were the following: that the juror was an attorney; that the juror knew that the burden of proof in a criminal trial was beyond a reasonable doubt; and that the juror knew someone whom he “believe[d] [was] still in the D.A.’s Office.” (C. 78.) None of these facts suggest that the juror was biased against Jackson in any way. Jackson merely speculated as to what this juror *491 may have done or said during deliberations and has failed to allege any facts which, if true, would entitle him to relief.
Therefore, Jackson failed to meet the pleading requirement of Rule 82.3, Ala. R.Crim. P., which provides that the “petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Furthermore, Jackson failed to meet the specificity requirement of Rule 82.6(b), Ala. R.Crim. P. Accordingly, the circuit court was correct to summarily dismiss this claim.
IV.
Next, Jackson claimed that the State failed to sufficiently prove the weight of the marijuana and cocaine. According to Jackson, the certificate of analysis that was introduced at trial was “an illegal document and a nullity” because, he says, it was “unsworn.” (C. 82.) He also alleged that there was a break in the chain of custody. However, these claims essentially attack the weight and sufficiency of the State’s evidence. At the close of the State’s case-in-chief, Jackson moved for a judgment of acquittal on the ground that the State failed to prove a prima facie case on all of the charges. (R1. 146.)[3] That motion, which was denied by the trial court, challenged the sufficiency of the evidence, including the weight of the marijuana and cocaine. Accordingly, this claim is precluded by Rule 32.2(a)(2), Ala. R.Crim. P., which provides that a petitioner is not entitled to postconviction relief on any ground “[wjhich was raised or addressed at trial.”
We also note that claims regarding the sufficiency of the evidence are not jurisdictional. See Ex parte Robey, 920 So.2d 1069, 1074 (Ala.2004) (petitioner’s “challenge to the sufficiency of the evidence would not be jurisdictional and would therefore be precluded....”). To the extent that these claims were not encompassed in Jackson’s motion for judgment of acquittal, they are also precluded by Rules 32.2(a)(3) and (5), Ala. R.Crim. P., because they could have been but were not raised at trial or on appeal. Thus, the circuit court was correct to summarily dismiss them.
V.
Next, Jackson claimed that he “was denied a fair trial by violations of the protection against Double Jeopardy” because the State used the same gun as the basis of three different charges: “CC-09-888 — Trafficking in Cocaine with a firearm; CC-09-889 — Trafficking in Marijuana with a firearm; and CC-09-891 Carrying a Pistol without a Permit.” (C. 100.) The Alabama Supreme Court has specifically recognized only two double-jeopardy claims that implicate the jurisdiction of the trial court: (1) multiple convictions in a single proceeding for the same offense under the same statute, see Ex parte Robey, 920 So.2d at 1071-72 (Ala.2004); and (2) multiple convictions in a single proceeding for both a greater and a lesser-included offense, see Ex parte Benefield, 932 So.2d 92, 93 (Ala.2005). The fact that the same gun was used in all three convictions is of no consequence. Jackson was not convicted multiple times for the same offense under the same statute nor was he convicted of both a greater and a lesser-included offense. Accordingly, this is a nonjurisdic-tional claim and is subject to the procedural bars of Rule 32.2, Ala. R.Crim. P. Since Jackson could have raised this claim at trial or on direct appeal, it is precluded by *492 Rules 32.2(a)(3) and (5), Ala. R.Crim. P., and the circuit court was correct to summarily dismiss it.
VI.
Next, Jackson asserted that the trial judge was biased against him because, he says, she had presided over an earlier case in.which Jackson was convicted of possessing marijuana. Jackson also claimed that the trial judge was angry at him because he was late to court. A claim that the trial judge may have had personal bias or prejudice against the defendant is nonjurisdictional. See Key v. State, 891 So.2d 353, 370 (Ala.Crim.App.2002). Accordingly, it is precluded by Rule 32.2(a)(5), Ala. R.Crim. P., because it could have been but was not raised on appeal.
In this section of his petition, Jackson also appears to claim that the trial judge committed reversible error or was somehow biased because she allowed the State to open the bags of marijuana inside the courtroom. According to Jackson, “some people (possibly the jurors) get sick or are sickened by marijuana odor, i.e. the odor is offensive to many people.” (C. 103.) These claims are also precluded by Rules 32.2(a)(3) and (5), Ala. R.Crim. P., because they could have been but were not raised at trial or on appeal. Thus, the circuit court did not abuse its discretion by summarily dismissing them.
VII.
Next, Jackson claimed that he was actually innocent of the crimes for which he was convicted. He points to the fact that another individual, Anderson Jennings, testified at trial that the drugs belonged to him as opposed to Jackson. Additionally, Jackson claimed that the State failed to prove constructive possession. Jackson is again attacking the weight and sufficiency of the State’s evidence. The circuit court was correct to summarily dismiss this claim for the same reasons discussed in Section IV of this opinion.
VIII.
In his first amended petition, Jackson contended, as best we can determine, that the district attorney did not have the statutory or constitutional authority to present Jackson’s case to a grand jury because, according to Jackson, the indictments were “totally devoid of the facts that must be stated in indictments constituting the offense.” (R. 207.) However, Jackson’s indictments alleged that, on September 11, 2008, Jackson knowingly possessed or was in constructive possession of the following: between 28 and 500 grams of cocaine; between 2.2 and 100 pounds of marijuana; tablets containing 3,4 methylenedioxy-methamphetamine.[4] The indictments also alleged that Jackson failed to affix a tax stamp to the above-mentioned drugs and that he was armed with a pistol while he was in possession of the marijuana and cocaine. (Rl. 75-80.) Accordingly, Jackson’s contention that his indictments were “prefabricated accusatory instruments” that “simply include[d] the petitioner’s name and the statutes the petitioner allegedly violated” is directly refuted by the record. (C. 207.) Thus, the circuit court was correct to summarily dismiss the claim.
IX.
Jackson raised several claims in which he asserted that he was denied effective assistance of both trial and appellate counsel.
*493 A.
First, Jackson claimed that his trial counsel was ineffective at his suppression hearing because the attorney failed to call any witnesses. At the hearing, Officer Derrick Bouyer testified that he initially pulled over Jackson’s vehicle because Jackson was playing his radio too loudly in violation of a city ordinance. Jackson asserted that Officer Bouyer lied under oath. According to Jackson, Officer Bouyer actually pulled him over based on a tip from Dericko Head, a confidential informant. Jackson listed three witnesses who allegedly would have testified that they saw Dericko Head in the back seat of Bouyer’s patrol car on the day in question. According to Jackson, this testimony would have undermined the officer’s testimony and established that the search of his vehicle was unconstitutional.
This Court has held:
“When reviewing claims of ineffective assistance of counsel, we apply the standard adopted by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel a petitioner must show: (1) that counsel’s performance was deficient; and (2) that the petitioner was prejudiced by the deficient performance.
“ ‘Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-34 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action “might be considered sound trial strategy.” See Michel v. Louisiana, [350 U.S. 91] at 101 [ (1955) ]. There are countless ways to provide effective assistance in any given case. "Even the best criminal defense attorneys would not defend a particular client in the same way.’
“Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052.
“ ‘ “ ‘This court must avoid using “hindsight” to evaluate the performance of counsel. We must evaluate all the circumstances surrounding the case at the time of counsel’s actions before determining whether counsel rendered ineffective assistance.’ ” Lawhorn v. State, 756 So.2d 971, 979 (Ala.Crim.App.1999), quoting Hallford v. State, 629 So.2d 6, 9 (Ala.Crim.App.1992). “[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052.’
“A.G. v. State, 989 So.2d 1167, 1171 (Ala.Crim.App.2007).”
Lee v. State, 44 So.3d 1145, 1154-55 (Ala.Crim.App.2009).
In this Court’s opinion affirming Jackson’s convictions, we held that the trial *494 court did not err by denying Jackson’s motion to suppress and that the following facts established that Officer Bouyer had probable cause to search Jackson’s vehicle:
“At the suppression hearing, Officer Bouyer was the only witness to testify. According to Officer Bouyer, he stopped Jackson at Arkadelphia Road and 8th Avenue West because Jackson was playing his radio too loudly. Officer Bouyer walked up to the passenger side of Jackson’s car and asked for Jackson’s driver’s license. As Jackson was handing Officer Bouyer his driver’s license, Officer Bouyer ‘smelled a strong odor of marijuana and also observed [an opened] beer inside the vehicle.’ ... Officer Bouyer then walked around to the driver’s side of the car and asked Jackson if there was anything in the car that the officer should know about. Jackson denied that there was anything in the car. At that point, Officer Bouyer asked Jackson to get out of the car so he could conduct a patdown search.
“During the patdown, Officer Bouyer asked for consent to search Jackson’s pockets, and Jackson consented. In one of Jackson’s pockets, Officer Bouyer found money, marijuana, powder cocaine, and crack cocaine. At that point, Officer Bouyer arrested Jackson and placed Jackson in his patrol car. Officer Bouyer then conducted a search of Jackson’s car. During the search of the interior of the car, Officer Bouyer found a handgun underneath the driver’s seat. While searching the trunk, Officer Bouyer found a large bag containing several bags of marijuana, another bag containing marijuana and pills, a footlocker containing a ‘bag full of money’ ..., and .more cocaine.”
Jackson, 127 So.3d at 1254. Thus, even if trial counsel called the three witnesses listed by Jackson and those witnesses testified that they saw Dericko Head in the back seat of Bouyer’s patrol car, that testimony would not have refuted Bouyer’s testimony regarding the loud music, the open beer can, and the drugs found in Jackson’s pocket. Accordingly, the officer would still have had probable cause to arrest Jackson and search his vehicle.
Therefore, even if the allegations in Jackson’s petition are true, they fail to demonstrate that he was prejudiced as a result of counsel’s failure to call the three witnesses. Accordingly, Jackson did not plead sufficient facts to meet the second prong of Strickland and the circuit court was correct to summarily dismiss the claim.
Jackson also claimed that trial counsel was ineffective for failing to make any arguments at the conclusion of the hearing. However, Jackson did not state what arguments counsel could have made that would have likely changed the outcome of the hearing. Accordingly, he failed to meet the pleading and specificity requirements of Rules 32.3 and 32.6(b), Ala. R.Crim. P. Therefore, the circuit court did not err by summarily dismissing this claim.
B.
Next, Jackson claimed that trial counsel was ineffective for failing to object to the allegedly improper cross-examination discussed in Section II of this opinion. Jackson pointed to several excerpts from his trial testimony in which he claimed that the State improperly cross-examined him by asking questions which suggested information that the State knew to be false. However, Jackson did not allege in his petition that his trial counsel was aware that this information was false. Therefore, Jackson failed to allege facts which, if true, would demonstrate that counsel was deficient under the first prong of Strickland. Accordingly, Jackson did not meet his burden of pleading under Rule 32.3, Ala. *495 R.Crim. P., and the circuit court was correct to summarily dismiss the claim.
Jackson also claimed that trial counsel was ineffective for failing to object to the prosecutor’s remarks during closing arguments in which the prosecutor urged the jury “to do the right thing.” (C. 76.) However, this Court has held that ‘“[t]here is no impropriety in a prosecutor’s appeal to the jury for justice and to properly perform its duty.’” Brooks v. State, 973 So.2d 380, 399 (Ala.Crim.App.2007), quoting Price v. State, 725 So.2d 1003, 1033 (Ala.Crim.App.1997). Thus, there was nothing improper about the prosecutor’s comments, and Jackson’s counsel was not ineffective for failing to object. See Patrick v. State, 680 So.2d 959, 963 (Ala.Crim.App.1996) (“The law does not require a useless act.... ‘Counsel is not ineffective for failing to file a motion for which there is “no legal basis.” ’ ”), quoting Hope v. State, 521 So.2d 1383, 1386 (Ala.Crim.App.1988), quoting in turn United States v. Caputo, 808 F.2d 963, 967 (2nd Cir.1987). Accordingly, the circuit court did not err by summarily dismissing this claim.
C.
Jackson also claimed that trial counsel was ineffective for failing to adequately voir dire the juror that was discussed in Section III. According to Jackson, counsel failed to ask any questions about the juror’s previous relationships and work experience and whether those things would affect his duties as a juror. However, as noted in Section III, Jackson did not allege any specific facts demonstrating that the juror was biased or that he acted improperly in deliberations. Accordingly, Jackson has not shown that trial counsel’s alleged deficiency prejudiced him in any way. Jackson therefore failed to allege facts that, if true, would have satisfied the second prong of Strickland; thus, the circuit court was correct to summarily dismiss this claim. See Rules 32.3 and 32.6(b), Ala. R.Crim. P.
Jackson also claimed that counsel was ineffective due to counsel’s failure to have the names, and addresses of all the jurors included in the record. However, Jackson did not say how this information would have aided him nor how the lack of that information prejudiced him. See Rules 32.3 and 32.6(b), Ala. R.Crim. P. Accordingly, the circuit court was correct to summarily dismiss this claim.
D.
Next, Jackson claimed that trial counsel was ineffective for failing to object to the certificate of analysis. According to Jackson, the “Certificate of Analysis Report has serious discrepancies with the report itself.” (C. 82.) For example, Jackson claimed that the “gross weight” of the cocaine was 3.97 grams but the “weight results of analysis” was 2.53 grams, a 1.44 gram difference. (C. 83.)' Jackson similarly pointed to what he claimed was a discrepancy in the weight of the marijuana. Jackson claimed that these discrepancies were due to negligence of the officers who handled the evidence and that defense counsel was deficient for failing to point this out.
However, Jackson misunderstands the certificate of analysis. In the example listed above, the 3.97 grams was the weight of two “clear plastic bag corner pieces each holding white powder material_” (Cl. 202.)[5] However, the report goes on to state that only one of the bags was ana *496 lyzed. The bag that was actually analyzed weighed 2.53' grams. (Cl. 204.) Thus, none of the evidence was lost and there was not a true discrepancy. Accordingly, defense counsel was not ineffective for failing to raise a meritless objection. See Patrick v. State, supra, at 963.
Jackson also claimed that counsel was ineffective for failing to object to an alleged break in the chain of custody of the drug evidence. However, Jackson failed to state how that alleged deficiency caused him prejudice. He merely asserts that the inventory list compiled by the police did “not match up with what [was] listed on the Certificate of Analysis Report.... ” (C. 84.) Furthermore, Jackson stated that “this whole case does not pass the smell test.” (C. 84.) Accordingly, Jackson failed to plead specific facts which, if true, would entitle him to relief, see Rule 32.6(b), Ala. R.Crim. P., and the circuit court was correct to summarily dismiss this claim.
E.
Next, Jackson claimed that trial counsel was ineffective for failing to interview the State’s witnesses. However, Jackson failed to indicate what information his trial counsel could have obtained from those interviews that would have likely changed the outcome of his trial. Accordingly, Jackson failed to plead this claim with the specificity required by Rule 32.6(b), Ala. R.Crim. P, and the circuit court was correct to summarily dismiss it.
F.
Jackson also claimed that trial counsel was ineffective for failing to “object or argue stronger that the provisions of double jeopardy were being violated by the use” of the same gun for three of his convictions. (C. 90.) However, the fact that the same gun that was used as the basis for Jackson’s carrying-a-pistol-without-a-permit conviction was also used to enhance his two drug-trafficking convictions did not lead to a violation of the Double Jeopardy Clause.
“‘[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.’ ” Heard v. State, 999 So.2d 992, 1006 (Ala.2007), quoting United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), overruled on other grounds, Hudson v. United States, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). The first two abuses do not apply to Jackson’s case; thus, we are only concerned with whether Jackson was punished multiple times for the same offense. The United States Supreme Court has held that the “use of evidence of related criminal conduct to enhance a defendant’s sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.” Witte v. U.S., 515 U.S. 389, 399, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), citing Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959). Thus, Jackson’s protection against double jeopardy was not violated. Accordingly, his counsel was not ineffective for failing to raise such an objection. See Patrick v. State, supra, at 963.
G.
Jackson also claimed that trial counsel was ineffective for failing to move for the recusal of the trial judge “because of her bias and prior knowledge of the case and of Jackson himself.” (C. 90.) However, Jackson did not allege any specific facts indicating that the judge’s personal knowledge of Jackson and his case adversely impacted his trial. Therefore, he failed to *497 plead this claim with the specificity required by Rule 32.6(b), Ala. R.Crim. P., and the circuit court did not err by summarily dismissing it.
H.
Next, Jackson alleged that trial counsel was ineffective for failing to object to the State’s introduction of his prior convictions at trial. However, in this Court’s opinion affirming Jackson’s convictions, we held:
“This Court has thoroughly reviewed the record and cannot say that the circuit court abused its discretion in finding that the probative value of the evidence of the prior convictions outweighed any prejudice. See Rule 609(a)(1)(B), Ala. R. Evid. (‘[Ejvidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.’).”
Jackson, 127 So.Bd at 1256. Thus, the use of Jackson’s prior convictions was proper and counsel was not ineffective for failing to raise a baseless objection. See Patrick v. State, supra, at 963.
Jackson also claimed that counsel was ineffective for failing to challenge the trial court’s alternate holding that the pri- or convictions were admissible under Rule 404(b), Ala. R. Evid. However, since the trial court properly determined that the convictions were admissible under Rule 609, Ala. R. Evid., any challenge to the alternate holding would have been pointless. Accordingly, counsel was not ineffective for failing to raise objections to the admission of Jackson’s prior convictions. See Patrick v. State, supra, at 963.
Jackson also claimed that trial counsel should have requested a limiting instruction explaining to the jury how those prior convictions were to be considered. However, the record reveals that the trial court did instruct the jury regarding its use of prior convictions. The court stated: “our law says that if a witness has been convicted of such other crime, it can go to their credibility as a witness.” (Rl. 255-56.) Thus, there was no need for counsel to request an additional instruction and his failure to do so did not constitute ineffective assistance of counsel. Accordingly, this claim is meritless and the circuit court was correct to summarily dismiss it.
I.
Jackson also claimed that trial counsel was ineffective for failing to move for a judgment of acquittal at the close of the defense’s case-in-chief in order to preserve a challenge to the sufficiency of the evidence for appellate review. However, the only allegations that Jackson made regarding the sufficiency of the evidence have already been addressed in prior sections of this opinion and were found to be without merit. Jackson failed to point out any additional lack of evidence that would have supported the granting of a motion for judgment of acquittal. Accordingly, he failed to show that he was prejudiced as required by the second prong of Strickland. See Rules 32.3 and 32.6(b), Ala. R.Crim. P. Therefore, the circuit court was correct to summarily dismiss this claim.
J.
Next, Jackson claimed that trial counsel was ineffective for allegedly failing to highlight the inconsistency of the arresting officer’s testimony. According to Jackson, the officer gave conflicting testimony re-, garding when he called for backup, whether he told Jackson to turn his radio down, and whether his patrol car was equipped with a camera. However, Jackson failed to allege any facts indicating how he whs prejudiced by counsel’s failure to point out these discrepancies in the officer’s testimony. Accordingly, Jackson failed to suffi *498 ciently plead this claim under Rule 32.3, Ala. R.Crim. P., and the circuit court did not err by summarily dismissing it.
K.
Jackson also claimed that trial counsel was ineffective for failing to “object and challenge the facts that the State sufficiently prove constructive possession and that Jackson was actually innocent of the charges....” (C. 97-98.) However, the record reflects that trial counsel moved for a judgment of acquittal at the close of the State’s evidence on the ground that the State failed “to make a prima facie case on any of the counts or charges....” (Rl. 146.) That motion challenged the sufficiency of the State’s evidence including the element of constructive possession. Accordingly, this claim is refuted by the record,- and the circuit court was correct to summarily dismiss it.
L.
In his first amended petition,[6] Jackson claimed that his trial counsel was ineffective for failing to object to the trial court’s “botched” reading of the indictment. (C. 209.) According to Jackson, the jury did not know what it was charged with deciding because, he says, the trial court paraphrased the indictments and failed to inform the jury that the offenses were “against the peace and dignity of the State of Alabama.” (C. 211.) Jackson claimed that trial counsel was ineffective for failing to object to this alleged deficiency-
Jackson essentially contended that, since the trial court did not read the indictments verbatim, the jurors did not know what Jackson was charged with. Therefore, he argued, he is currently “imprisoned on jury verdicts based on the Court’s mumbo jumbo, absent of his person being determined by the jury that he acted against the peace and dignity of the State of Alabama.” (C. 213.)
This Court has held that a trial court is not necessarily required to read an indictment to the jury. Wiggins v. State, 347 So.2d 543, 545 (Ala.Crim.App.1977). The only requirement is that the “jury must be fairly appraised of the nature of the charges against the accused.” Id. See also Mitchell v. State, 450 So.2d 140, 142 (Ala.Civ.App.1984) (“The reading of an indictment to the jury is not required; only that the jury be fairly informed of the charges against the accused.”). Jackson quotes an excerpt from his trial in which the judge paraphrases the indictment to the jury pool. In that portion of the record, the judge informed the jury that Jackson was charged with the following:
“[K]nowingly, actually or constructively, possessing] at least 28 grams or more, but less than 500 grams, of cocaine, or of a mixture containing cocaine, a controlled substance, while in the possession of a firearm, a pistol, in violation of Section 13A-12-231.
[[Image here]]
“[T]he law says that if you’re in possession of an illegal substance, you have to have a stamp on it, a tax stamp on it, and if you don’t that’s a separate criminal offense. So that charge has also been brought against Mr. Jackson in regard to the cocaine that I just told you about.
[[Image here]]
“Mr. Jackson was knowingly in actual or constructive possession of in excess of one kilo or 2.2 pounds, but less than 100 pounds of cannabis or marijuana, a controlled substance, while in the possession of a firearm, a pistol, in violation of Section 13A-12-231.
*499 “Also, with that is the charge of failure to affix a tax stamp to that marijuana.
[[Image here]]
“Mr. Jackson unlawfully possessed a controlled substance, and it has the chemical name for it here which I cannot pronounce, so what it is known as is Ecstasy. So Ecstasy tablets. In violation of Section ISA-12-212 (a)(1) of the Alabama Criminal Code.
“And also with this is another charge of failure to affix a tax stamp to those drugs.
“And then the final charge is carrying a pistol without a permit alleging that the defendant was in possession of a 9 millimeter Ruger handgun and did not have a permit for that gun.”
(Rl. 22-24) The judge also instructed the jury as to the applicable law before it retired to deliberate.
Thus, the record reflects that the jury was adequately apprised of what Jackson was charged with and his claim to the contrary is refuted by the record. Accordingly, his counsel was not ineffective for failing to raise a meritless objection. See Patrick v. State, supra, at 968. Therefore, the circuit court was correct to summarily dismiss this claim.
M.
Jackson also claimed that he was denied effective assistance of appellate counsel. Jackson alleged that appellate counsel was deficient for failing to raise all of the issues that Jackson is now raising in his Rule 82 petition in a motion for new trial or on direct appeal. However, as Jackson acknowledged in the previous subsections, his trial counsel failed to object or otherwise argue the claims that Jackson raised in his petition. Therefore, those claims were not preserved for appellate review. Accordingly, appellate counsel could not be ,ineffective for failing to raise those claims on appeal. See Patrick v. State, supra, at 963.
Jackson also claimed that appellate counsel was ineffective for failing to order the complete record on appeal including opening statements, closing arguments, and side-bar discussions held during trial. However, he did not explain how the inclusion of those items in the record would have aided him on direct appeal nor did he specify how he was prejudiced by their absence. Accordingly, he failed to meet the pleading and specificity requirements of Rules 32.3 and 32.6(b), Ala. R.Crim. P., and the circuit court did not err by summarily dismissing this claim.
X.
In his second amended petition, Jackson claimed that the trial court violated Rule 23.2(d), Ala. R.Crim. P., which provides: “When the verdict of guilty is to a lesser included offense or to an offense which is divided into degrees, the verdict shall specify the offense or the degree to which the defendant is found guilty.” According to Jackson, the verdicts did not specify the offense or the degree of which he was found guilty. However, Jackson was not convicted of any lesser-included offenses. Additionally, none of the offenses for which he was convicted. are divided into degrees. See § 13A-12-231(1), (2) and (13), Ala.Code 1975; § 13A-12-212, Ala. Code 1975; and § 40-17A-4, Ala.Code 1975. Accordingly, Rule 23.2(d), Ala. R.Crim. P., does not apply and Jackson’s claim is without merit.
XI.
Finally, Jackson asserted that his 12-month sentence for carrying a pistol without a permit, although suspended by the trial court, is nevertheless illegal. As noted, Jackson was convicted of carrying a pistol without a license, a violation of § 13A-11-73, Ala.Code 1975, and was sen *500 tenced to 12 months’ imprisonment. However, § 13A-ll-84(a), Ala.Code 1975, provides that “[e]very violation of ... Sections 13A-11-73, 13A-11-74 and 13A-11-77 through 13A-11-80 shall be punishable by imprisonment for any term less than one year or by a fíne of not more than $500.00, or both.” (Emphasis added). Jackson correctly points out that 12 months is not less than one year. Accordingly, that sentence is not authorized by statute. “[A] challenge to an illegal sentence is jurisdictional and can be raised at any time.” Ginn v. State, 894 So.2d 793, 796 (Ala.Crim.App.2004). See also Ex parte Brannon, 547 So.2d 68, 68 (Ala.1989)(“[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review.”).
Because Jackson’s sentence for violating § 13A-11-73, Ala.Code 1975, exceeds the maximum authorized by law, that case, CC-09-891.60, is due to be remanded to the circuit court with directions that it re-sentence Jackson in compliance with § 13A-11-84, Ala.Code 1975. As to the remainder of the issues raised in Jackson’s Rule 32 petition, the judgment of the circuit court is affirmed. Due return shall be made to this Court within 28 days of the date of this opinion.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS. 
WINDOM, P.J., and WELCH and JOINER, JJ., concur.
KELLUM, J., concurs in the result.

. The State presented evidence in its case-in-chief establishing that large amounts of cocaine, marijuana, and ecstacy were discovered inside the vehicle Jackson was driving that day.

. Rule 32.1(b), Ala. R.Crim. P., provides that a petitioner may be entitled to relief on grounds that "[t]he court was without jurisdiction to render judgment or to impose sentence.”

. "Rl” denotes the record on appeal from Jackson v. State, 127 So.3d 1251 (Ala.Crim. App.2010). This Court may take judicial notice of its own records. Hull v. State, 607 So.2d 369 (Ala.Crim.App.1992).

. 3,4 methylenedioxymethamphetamine is the drug commonly known as "ecstasy” or "MDMA.”

. "Cl" denotes the clerk’s record on appeal from Jackson v. State, 127 So.3d 1251 (Ala. Crim.App.2010).

. In his first amended petition, Jackson re-argues some of the claims from his initial petition. We will not address those claims again.